[Sac. No. 213.   Department One.—May 25, 1897.]

## SAVINGS BANK OF SOUTHERN CALIFORNIA, RESPONDENT, *v.* PARMELIA I. ASBURY ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE— PLEADING— SUFFICIENCY OF COMPLAINT— AMOUNT OF DEBT LESS THAN FACE OF NOTE AND MORTGAGE—NON-PAYMENT OF INTEREST—ELECTION OF PLAINTIFF.—Where the complaint for the foreclosure of a mortgage alleged the execution of the note and mortgage in the sum of $30,000, as evidence of debt for a loan, payable in three years from date, but that the actual amount of the principal sum of such debt and loan was, and is, the sum of $12,500 only, and averred the nonpayment of semi-annual interest on such sum, and the election by the plaintiff, as authorized by the note, to treat the whole of the debt as due and payable before maturity of the note, it states a cause of action, and sets forth with sufficient clearness and certainty the amount of the debt for which the mortgage was executed.

ID.—SUFFICIENCY OF CROSS-COMPLAINT —AGREEMENT FOR FULL LOAN— BREACH BY PLAINTIFF — CAUSE OF ACTION FOR UNPAID AMOUNT — TENDER OF INTEREST NOT REQUIRED.—A cross-complaint in such action, alleging that plaintiff agreed to loan and advance to the defendants the full amount of the note and mortgage, in the sum of $30,000, and that, though requested to do so, plaintiff had refused to loan and advance to them $17,500 thereof, and praying judgment for the remainder due on the loan, and for the damage sustained, states a cause of action against the plaintiff for the unpaid amount of the loan, and it is not necessary to allege, or to make, a tender to plaintiff of the interest accrued upon the portion of the loan received, as a condition of maintaining the cross-complaint.

ID.— VALIDITY OF AGREEMENT TO LOAN — CONSIDERATION — COLLATERAL CONTRACT—WRITING NOT REQUIRED—MERGER INAPPLICABLE.— The execution of the note and mortgage for the amount stated therein, is a sufficient consideration for the agreement to loan the full amount so stated; and such agreement is collateral to the note and mortgage, and need not be specified therein, nor be in writing, but became binding on the mortgagee to the full extent, as soon as the note and mortgage became binding on the maker; and the rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations concerning its matter, has no application to such collateral agreement.

ID.—SPECIAL CONSEQUENTIAL DAMAGES NOT RECOVERABLE—INABILITY TO MEET OBLIGATIONS.—Special consequential damages set forth in the cross-complaint, arising from the inability of the defendants to meet certain obligations, owing to the failure of the plaintiff to advance the full amount of the note and mortgage, as agreed, by reason of which the persons holding the same had proceeded to enforce and collect, and had subjected property of the defendants held as security therefor to their payment, so that it had been wholly lost to them, are not proximately caused by the breach of the agreement to make the loan, and are not recoverable from the plaintiff.

ID.—DEFENSE— CONTRACT FOR FULL LOAN— PREMATURE ACTION— PREVENTION OF ELECTION TO SUE—RETENTION OF PART OF LOAN.—Where the answer denied the allegation of the complaint, that the amount for which the note and mortgage was given was only $12,500, and alleged that it was given for the full sum of $30,000, which sum defendants borrowed from the plaintiff, and the plaintiff agreed to advance to the defendants, it presents a defense to the action, as being premature, it appearing that the note and mortgage were not mature at the time of the commencement of the action; and the plaintiff, while retaining in his hands moneys agreed to be advanced to the defendants, and refusing to perform his agreement, was thereby precluded from electing to sue upon the whole debt in case of nonpayment of interest upon the note and mortgage; and it is error not to permit the defendants to prove such defense.

ID. — PAYMENT OF WATER RATE — IMPROPER ENFORCEMENT OF LIEN. — Where the mortgagee paid a charge for water appurtenant to the mortgaged premises, merely at the request of the mortgagor, but without any agreement in the mortgage or otherwise, constituting such payment a lien upon the premises, such payment is improperly enforced as a lien in the action to foreclose the mortgage.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. WEBB, Judge.

The facts are stated in the opinion of the court.

*F. H. Short, M. K. Harris,* and *Denson & De Haven,* for Appellants.

The court erred in sustaining the demurrer to the cross-complaint, as the breach of contract by the defendant in refusing to advance the whole of the sum of money for which the mortgage was given constituted a good cause of action for damages. (Civ. Code, secs. 3281, 3300; Code Civ. Proc., secs. 437, 438, 442; Sedgwick on Damages, sec. 622; *Turpie* v. *Lowe,* 114 Ind. 37.) The contemporaneous agreement alleged should be con-

strued with the mortgage. (*Burbridge* v. *Lemmert*, 99 Cal. 493.) Proof is always admissible of any collateral parol agreement, or of any independent fact which is not inconsistent with, or does not qualify any of, the terms of the written contract, even though it may relate to some identical matter. (*Guidery* v. *Green*, 95 Cal. 630; *Sivers* v. *Sivers*, 97 Cal. 521.) The admission of parol evidence to show the true consideration is other than that expressed, is an exception to the rule that the legal effect of a written instrument cannot be varied in whole or in part by parol evidence. (*Hendrick* v. *Crowley*, 31 Cal. 471; *Bennet* v. *Solomon*, 6 Cal. 135; *Spear* v. *Ward*, 20 Cal. 659, 676; *Moffatt* v. *Bulson*, 96 Cal. 107; 31 Am. St. Rep. 192; *Fechheimer* v. *Trounstine*, 15 Colo. 386; 7 Am. & Eng. Ency. of Law, 91.) There was a sufficient consideration for the promise to advance the remainder of the money. (Civ. Code, secs. 1605, 1606, 1614, 1615; *Golden State etc. Works* v. *Angell*, 89 Cal. 643; 3 Am. & Eng. Ency. of Law, 846, 847.)

*L. L. Cory*, for Respondent.

The demurrer to the cross-complaint was properly sustained, as the cross-complaint was based upon an agreement preceding and prior to the mortgage, and which was consequently merged in the mortgage. (*Smith* v. *Taylor*, 82 Cal. 534; *Schurtz* v. *Romer*, 82 Cal. 474; *Abbott* v. *'76 Land etc. Co.*, 101 Cal. 567, 570; *Stiles* v. *McClellan*, 6 Colo. 89.) The cross-complaint also fails to state a cause of action, because of not alleging a consideration for the alleged contemporaneous agreement. (Parsons on Contracts, sec. 449.) The cross-complaint fails to state a cause of action for damages, as the damages claimed are not proximate. (Civ. Code, sec. 3300; Field on Damages, sec. 211; Sutherland on Damages, sec. 76.) The only damages recoverable for a failure to pay money is the legal interest thereon. (*Loudon* v. *Taxing Dist. etc.*, 104 U. S. 771; *Arnott* v. *Spokane*, 6 Wash. 450; *N. O. Ins. Assn.* v. *Piaggio*, 16 Wall. 378; *Heyman* v. *Landers*, 12 Cal. 107; *Lally* v. *Wise*, 28

Cal. 539; Civ. Code, sec. 3302; *Hellings* v. *Heydenfeldt*, 107 Cal. 577.)   Evidence as to the agreement between the parties was properly ruled out, as parol evidence is inadmissible to vary the terms of a written contract. (*Lennard* v. *Vischer*, 2 Cal. 37; *Ruiz* v. *Norton*, 4 Cal. 355; 60 Am. Dec. 618; *Harrison* v. *McCormick*, 89 Cal. 327; 23 Am. St. Rep. 469.)   The mortgagor was guilty of a breach of contract when he defaulted in the payment of interest, and a cause of action immediately arose.   (*Clemens* v. *Luce*, 101 Cal. 436.)   The mortgagor had no option to allow the interest to become part of the principal, as this option rested entirely with the mortgagee.   (*Clemens* v. *Luce, supra.*)

HARRISON, J.—The plaintiff seeks herein the foreclosure of a mortgage upon certain land in Fresno county, and its sale in satisfaction of the debt secured thereby. The complaint alleges that on or about June 1, 1893, the mortgagors made to it their promissory note of that date for the sum of $30,000, payable in three years thereafter, with interest thereon payable semi-annually, and at the same time executed a mortgage upon said lands as security for its payment; that, although the note expressed the sum of $30,000, the actual amount of the loan to the defendants was only $12,500; that under provisions therefor in the mortgage the plaintiff has paid certain moneys for insurance upon the mortgaged property, and for water appurtenant to the land; that none of the interest that had accrued upon the note had been paid, and that the plaintiff, as authorized by said note, had elected to consider the whole of the debt due. Judgment was prayed for accordingly.   The appellants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them, and also that it was ambiguous and uncertain.   Their demurrer was overruled, and they then answered the complaint, denying its several allegations, and also filed a cross-complaint in which they set forth the facts connected with the execution of the note and

mortgage, and alleged that the plaintiff at that time, and as a part of the same transaction, agreed to pay over and advance to them the full sum of $30.000; that, although requested so to do, it had refused to pay or advance to them $17,500 thereof. In a further cause of action for a cross-complaint they set forth certain facts, and alleged that by reason thereof they had been subjected to great damage. Judgment was asked by them against the plaintiff for the balance due on the loan of $30,000, and also for the damage that they had sustained. The plaintiff demurred to the first of these cross-complaints upon the ground that it did not state facts sufficient to constitute a cause of action, and to the second upon the same ground and also for ambiguity. Although the appellants in their pleading styled their causes of action separate cross-complaints, they in reality are only separate counts of a single cross-complaint, and were evidently so regarded in the court below, as appears from its order " that the demurrer to the cross-complaint of defendants be and the same is hereby sustained." Upon the sustaining of this demurrer no amendment was offered to the cross-complaint, and the cause was tried upon the original complaint and answer. Judgment was rendered for the plaintiff in accordance with its complaint, from which and an order denying a new trial this appeal has been taken.

1. The demurrer to the complaint was properly overruled. The allegations therein of the execution of the promissory note, and the mortgage to secure its payment, and of the amount advanced thereon to the defendants, and the further averment of the nonpayment of interest, and the election by the plaintiff to treat the entire principal sum as due, sufficiently stated a cause of action. The further allegation " that the said promissory note was executed by the said defendants in the sum of $30,000, as evidence of a debt for a loan, but that the actual amount of the principal sum of such debt and loan was and is the sum of $12,500, and not the sum

of $30,000," sets forth with sufficient clearness and certainty the amount of the debt for which the mortgage was executed, and which the plaintiff sought to recover. The allegation of the payment by the plaintiff " for the water appurtenant to said premises " sufficiently stated the amount paid by it, and that it was due and had not been paid.   If, in fact, this constituted a lien upon the land, it was not necessary to state which of the defendants failed to pay it, or the terms of the agreement by which it had become due.   The complaint does not, however, show that this amount was a lien upon the land, or that its payment was secured by the mortgage, and, upon objection thereto by the defendants at the trial, the court should have excluded any evidence of such payment.

2. The court erred in sustaining the demurrer to the cross-complaint.   It was alleged therein that prior to the first day of June, 1893, the makers of the promissory note set forth in the complaint applied to the plaintiff for a loan of $30,000 upon the real property described in the mortgage, and that the plaintiff agreed to loan and advance the said sum to them for the time, and at the rate of interest, and upon the terms and conditions set forth in said mortgage; that in pursuance of said agreement said defendants executed and delivered to the plaintiff their promissory note set forth in the complaint, and at the same time, and as a part of the same transaction, and for the purpose of securing the payment of the said promissory note according to the terms and conditions thereof, they executed to the plaintiff the mortgage referred to in the complaint, which was thereafter recorded at the instance of the plaintiff in the office of the county recorder of Fresno county; that at the same time said mortgage was delivered to the plaintiff " said plaintiff, in and by said note and mortgage, and its separate agreement then and there made and entered into with said defendants, and as a part of the same transaction, agreed to and with the said defendants executing said note and mortgage to loan, pay over

and advance to said defendants the said full sum of said
$30,000 specified and mentioned in said note and mort-
gage, to wit: $12,000 on accepting . and recording said
mortgage, $10,000 within thirty days, and the further
sum of $8,000 within sixty days from the date of the
acceptance and recording of said mortgage by the plain-
tiff, and the defendants did agree to accept and receive
the same"; that at or about the time of the delivery and
recordation of said note and mortgage the plaintiff ad-
vanced and paid over to said defendants $12,500, and
no more; that the plaintiff, although frequently requested
by the defendants, has not advanced the remainder of
said sum of $30,000, or any part thereof, and that the
sum of $17,500 is still unpaid and due from it to said
defendants.   In the other count of the cross-complaint
the defendants, in addition to the foregoing averments,
alleged that by reason of the failure of the plaintiff to
pay to them the said sum of $17,500 they were unable
to meet certain other obligations of theirs, and that the
persons and corporations holding the same had pro-
ceeded to enforce and collect them, and had subjected
property of the defendants held as security therefor to
their payment, so that it had been wholly lost to them,
and that they had thereby suffered damage to the extent
of $50,000 and upwards.   The cross-complainants there-
upon prayed judgment against the plaintiff for the bal-
ance due to them upon the said loan of $30,000, and for
the further sum of $50,000 damages so sustained by
them.   To each of these counts in the cross-complaint
the plaintiff filed a general demurrer, and also demurred
specifically upon the ground that there was no consider-
ation for the agreement alleged in the cross-complaint
to have been made by it, and in addition thereto demurred
on the ground of ambiguity to so much of the second
count as claimed special damages for failure to advance
the money.

The facts alleged in this cross-complaint sufficiently
stated a cause of action against the plaintiff for the un-
paid amount of the loan.   The execution to it of the

note and mortgage by the defendants upon its agreement that it would pay to them thereon the sum of $30,000, was a sufficient consideration for such agreement, and created an obligation on its part to pay the same in accordance with the terms of its agreement. The further specification in the demurrer that the alleged agreement was made prior to the time of the making and execution of the note and mortgage was evidently either an oversight, or was in disregard of the allegation in the cross-complaint that it was made at the same time with the delivery of the mortgage, and as a part of the same transaction. It was not necessary that the agreement should be included in the note or mortgage, nor would evidence of its having been made tend to contradict or vary the terms or provisions of either of these instruments. The note and mortgage were by their terms unilateral obligations, executed to the plaintiff by the defendants, and the agreement of the plaintiff set forth in the cross-complaint was a correlative agreement on its part, also unilateral, made in consideration of the agreement on the part of the defendants, and became operative and binding upon it to its full extent at the moment that the note and mortgage had became binding upon the defendants. While the averment in the cross-complaint that the agreement was made would imply that it was in writing, if a written agreement was required, yet it was not necessary that this agreement should be in writing; and the rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument. (*Sivers* v. *Sivers,* 97 Cal. 518.)

The special damages alleged in the second count of the cross-complaint to have been sustained by the defendants, by reason of the plaintiff's failure to comply with its agreement, were not proximately caused by the

breach of this agreement, or such as in the ordinary course of things would be likely to result therefrom. They were eminently such as are styled consequential damages, and are not recoverable from the plaintiff. It is, therefore, unnecessary to consider whether the allegations in reference to these damages are clear and unambiguous, or whether they are expressed with sufficient certainty.

3. To the allegation in the complaint heretofore quoted that the actual amount of the debt and loan for which the note was given was $12,500 and was not the sum of $30,000, the defendants in their answer "deny that the said loan or indebtedness was made, or said mortgage or said note were made for any other or different sum or loan or amount than the full sum of $30,000, which said sum the defendants subscribing the said mortgage borrowed from the plaintiff herein, and which said sum of $30,000 the plaintiff herein agreed to advance to the said defendants."

At the trial of the action the witness Albrecht was asked whether at the time the loan was made the plaintiff agreed to advance to the defendants the full amount of $30,000 on the note. An objection by the plaintiff that the question was incompetent, irrelevant, and immaterial, and not relating to any issue in the pleading, was sustained by the court. This question was in direct line with the above averment in the answer, and was both material and relevant to the issue made thereby, and should have been allowed. If the plaintiff did in fact agree to advance the full amount of $30,000 upon the note, the above allegation in the complaint was not sustained, and the plaintiff was not entitled to judgment. Upon the execution and delivery by the defendants to the plaintiff of their note and mortgage for $30,000 in consideration of its agreement to loan them this amount of money, the plaintiff could not enforce the payment of the note against them, or foreclose the mortgage therefor, so long as it retained in

its hands a portion of the money so agreed to be advanced and refused to perform its part of the agreement. Whatever rights it might have to recover the amount of money received by the defendants, it would not have the right to bring an action upon the promissory note for such money prior to the maturity of the note. Unless the time for advancing the remaining portion of the loan was deferred by mutual agreement, the plaintiff could not, while retaining in its hands more than the amount of the accrued interest, declare the sum advanced to be due prior to the maturity of the note, nor were the defendants required, as a condition of maintaining their cross-complaint, to tender to the plaintiff the interest accrued upon the amount of the loan which they had received.

That portion of the judgment by which the payment of the water rate is made a lien upon the lands is erroneous. There is no averment in the complaint that it constituted a lien thereon, and the evidence at the trial was that the payment was made simply at the request of the defendants.

The judgment and order denying a new trial are reversed, and the cause is remanded to the superior court with directions to overrule the demurrer to the cross-complaint and allow the plaintiff to answer the same within such time as the court may deem reasonable.

VAN FLEET, J., and GAROUTTE, J., concurred.