[Civ. No. 74.   Third Appellate District.—November 27, 1905.]

VALLEY LUMBER COMPANY and M. R. MADARY, Appellants, v. GEORGE A. WRIGHT et al., Respondents.

MECHANICS' LIENS—PRIOR DEED OF TRUST—AGREED LOAN FOR CONSTRUCTION OF BUILDING—PAYMENTS AFTER WORK BEGINS.—A prior recorded deed of trust to secure the note of the owner to a building and loan association, in consideration of a definite loan to the owner of the amount of the note, to be paid toward the construction of a building, to be further security for the loan, will take precedence of subsequent mechanics' liens upon the building, though the agreed loan was paid after the commencement of the work.

ID.—DISTINCTION BETWEEN OPTIONAL AND OBLIGATORY ADVANCES—CONSIDERATION.—There is a marked distinction between the payment of future advances which are optional and those which are obligatory for a definite sum agreed upon, for a sufficient consideration. The deed of trust and note of the owner were a sufficient consideration for the loan agreed upon, and the association was under an enforceable obligation to furnish the money as agreed.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, for Appellants.

O. B. Carter, for Respondents.

CHIPMAN, P. J.—Mechanics' and materialmen's liens. The only question involved in this appeal is whether plaintiffs' liens are superior to the lien of the trust company, defendant, as trustee, to secure certain moneys borrowed from the loan association, defendant, by defendant Wright. The trial court held the lien of the deed of trust to be superior to the mechanic's lien and gave judgment accordingly. No question arises upon the validity of plaintiffs' liens, and the appeal is from that part of the judgment only which adjudges their lien to be subordinate to the claim of the loan association. Defendant Wright was the owner of the real estate involved in the action, and had agreed with the loan association for a loan of $1,000, with the understanding that

it was to be used in the erection of a building and to be paid
as the work progressed, and the building to be part of the
security.  On April 1, 1902, Wright and wife executed the
note and deed of trust on the property to secure payment of
the same to the trust company, as trustee for the loan asso-
ciation.  The trust deed was duly acknowledged and recorded
on April 3, 1902, before any labor was performed on the
building and before any material was commenced to be fur-
nished.  The loan association, through its agent, Wagoner,
had notice that plaintiffs had commenced to furnish material
prior to the actual payment of any of the borrowed money
by the loan association.  The first payment of $500 was made
April 12, 1902, and the balance, according to the agreement,
was paid May 7, 1902, and both sums were disbursed, shortly
after the payment, among various persons, including plain-
tiffs, for labor and material.

Both parties rely upon section 1186 of the Code of Civil
Procedure.  "The liens provided for in this chapter are pre-
ferred to any lien, mortgage or other encumbrance which
may have attached subsequent to the time when the build-
ing, improvement or structure was commenced or materials
were commenced to be furnished."  Respondents contend
that they have brought themselves strictly within this section,
while appellant's contention is "that the deed of trust had
no life or validity until such time as some of the money for
which the security was given was actually advanced or paid."
Appellants call attention to *Avery* v. *Clark*, 87 Cal. 619, [22
Am. St. Rep. 272, 25 Pac. 919], holding that the mechanic's
lien will take precedence of any lien, mortgage, or other en-
cumbrance recorded subsequently to the time when the build-
ing materials were commenced to be furnished, and contend
that the present case is analogous in principle to *Withers* v.
*Little*, 56 Cal. 370.  In that case the mortgage of defendant
Jacks was prior in date, but subsequent to plaintiff's mort-
gage in recordation, and plaintiff had no knowledge of Jacks'
mortgage until recorded.  But it did not appear that plain-
tiff paid or advanced any money when he took his mortgage,
and the court said, "until this was done, he was no more than
a volunteer, and the security executed to him could not out-
rank the prior security made to Jacks.  Although the plain-

tiff was a purchaser without notice, he was not a purchaser for value, and his conscience was as much bound by the prior equity of the defendant Jacks as were the consciences of his mortgagors. In fact, he occupied no better position than his mortgagors.'' The judgment of the court, on petition for rehearing, was modified and the case sent back for a new trial on this issue raised by Jacks and not found upon by the trial court. However correct the principle thus stated, it formed no part of the case as decided, and what result came out of the new trial we do not know. It is well settled that a recorded deed of trust or mortgage takes priority over a lien for materials commenced to be furnished after the mortgage or deed of trust has been recorded. (*Williams* v. *Santa Clara M. Co.*, 66 Cal. 193, [5 Pac. 85] ; *Tapia* v. *Demartini*, 77 Cal. 383, [11 Am. St. Rep. 288, 19 Pac. 641].)

The real question is whether there was only a deed of trust in form, without force or effect as to plaintiffs (which is their contention), when they began to furnish materials, as claimed by plaintiffs. Plaintiffs rely upon *Tapia* v. *Demartini*, 77 Cal. 383, [11 Am. St. Rep. 288, 19 Pac. 641], *Hall* v. *Glass*, 123 Cal. 500, [69 Am. St. Rep. 77, 56 Pac. 336], and some cases in other jurisdictions. In the first of these cases it was decided that a mortgage made in good faith to cover future advances is valid, not only between the parties thereto, but as against subsequent purchasers or encumbrances if properly recorded. It was also held that as against subsequent encumbrances of which the mortgagee has actual notice the lien of the mortgage cannot be enforced for advancements made after such notice; but, if the mortgage on its face shows that it is to stand as security for future advances, the amount of the latter need not be set out, and subsequent encumbrancers are, by such mortgage, put upon inquiry and must ascertain the extent of the lien, or suffer the consequences, and that the foregoing rules apply to mechanics' liens. We do not think the principles here laid down are necessarily confirmatory of appellants' contention in the present case. Here the note and mortgage were executed for a definite amount, and there was an agreement on the part of the loan association to pay to Wright this amount, with the further understanding that the money should be used for the construction of the building, which latter was to be for the

further security of the loan.  The loan association was under an enforceable obligation to furnish this money, and the execution of the note and mortgage was sufficient consideration for the agreement.  (*Savings Bank of Sacramento* v. *Asbury,* 117 Cal. 96, [48 Pac. 1081].)  The money was, in fact, paid and went into the building, and appellants, among others, got the benefit of it.  There is a marked distinction recognized by the cases between advances which are optional with the mortgagee and advances which are agreed to be made, i. e., obligatory, and the amounts definitely fixed.  This distinction is stated in *Savings etc. Soc.* v. *Barrett,* 106 Cal. 514, 532, 533, [39 Pac. 922], where the court seems to regard *Tapia* v. *Demartini,* 77 Cal. 383, [11 Am. St. Rep. 288, 19 Pac. 641], as stating the rule as to optional advances, as also does *Hall* v. *Glass,* 123 Cal. 500, [11 Am. St. Rep. 288, 56 Pac. 336].  In no proper sense can the money which the loan association agreed to furnish, and for which the note and mortgage were given, be said to be future advances as advances are regarded in the cases.  In no other way could the mortgagee be secure in his loan on lots which, without the building, would be insufficient security, except by some such agreement as is shown here.  It appears from the evidence that the money was paid directly to different persons by the agent of the loan association on bills first approved by Wright, and all this time they had constructive notice of the recorded mortgage given to secure the note.  There can be no doubt but that the record of the mortgage was in strict compliance with section 1186 of the Code of Civil Procedure and was constructive notice to defendants who thereafter furnished materials.  While the lien law is to be liberally construed in furtherance of the purposes for which the lien is authorized, the lien is purely of statutory creation and has no existence except by virtue of the statute.  If equitable considerations are to be indulged in determining the respective rights of parties situated as are these litigants, it would seem to us that equities are strong in favor of plaintiffs.

At the oral argument Mr. Cory, speaking for appellants, said: "I will admit that if it appeared here that at the time this deed of trust was made and put of record that the building and loan association was under a legal obligation to loan that thousand dollars, and in advancing the money afterward

was simply complying with that legal obligation, which Mr. Wright could enforce, why that would raise a different question." But he denied that there was anything in the record supporting that theory. The answer of the trust company alleges that before any labor was done on the building, or materials were commenced to be furnished, the loan association "loaned to said George A. Wright and Linnie Wright, his wife, the sum of $1,000, which they agreed to pay," and which was evidenced by their promissory note, and to secure its payment they executed and delivered to the trust company a deed of trust conveying the title to the real property in question. The court found the facts substantially as alleged. This deed of trust is made part of the complaint. The deed of trust recites that "whereas the said parties of the first part have borrowed of the party of the third part the sum of $1,000 and agreed to pay the same with interest and premium according to its terms," etc. (setting forth the note), and "whereas said G. A. Wright has subscribed fifteen shares of the capital stock of said building and loan association, of the par value of one hundred dollars, and has agreed to pay for said stock in monthly installments of six dollars, payable in advance until said shares are fully paid and matured, as provided in the by-laws, and has pledged said stock to said third party [the trust company] as security for the payment of said loan. . . . Now therefore in consideration of the aforesaid indebtedness," etc., reciting the making of the note, etc., the first parties convey the property, following which are numerous conditions with which the first parties agree to comply, "and these trusts shall be and continue as security to the parties of the second and third part for the repayment of the money so borrowed by the parties of the first part," etc. We entertain no doubt but that the correlative obligation to pay this money to Wright arose when he executed and delivered his note and agreed to pay it, and secured payment by conveying the legal title to his land to the trust company. He had performed every condition of the agreement for the loan on his part to be performed, and there was, to our view of the matter, a clear legal obligation on the part of the loan association to perform its part by furnishing the money, which it did soon thereafter. This obligation was not

optional with the association, but was obligatory, and we have so regarded it in this opinion.

Respondent cites the case of *Home Savings etc. Assn.* v. *Burton,* 20 Wash. 866, [56 Pac. 940], which arose under a statutory provision identical with our section 1186, and the facts are similar in all material respects, if we are right in our conclusion that the defendant loan association was under a legal obligation to pay the money. The case above cited shows careful consideration and presents a very full review of the authorities. The precise question raised here arose in that case and was fully discussed and decided adversely to appellants' contention. The reasoning of that case, amply supported as it is by authorities cited, is satisfactory and should rule this case. It has been held generally that a lien secured by mortgage, deeds of trust or otherwise, for advances made or to be made for the construction of a building or other improvement on land, is ordinarily superior to a mechanic's lien subsequently attaching, although some of the money may have been advanced after the lien attached. (20 Am. & Eng. Ency. of Law, 2d ed., p. 485.) It was so held in New Jersey prior to the statute of 1879 (Pub. Laws, p. 77). (*Platt* v. *Griffith,* 27 N. J. Eq. 207.) But since the earlier cases the statute referred to has given to mechanics and materialmen a superior lien to that of a mortgage executed to secure future advances. (*Mutual Life Ins. Co.* v. *Walling,* 51 N. J. Eq. 99, [26 Atl. 453].) Under the humane provisions of our constitution and laws favoring protection to laborers and materialmen, there would seem to be much in the New Jersey statute which should commend it to our legislature.

In the present case, however, we feel constrained, by the state of the law and decisions, to affirm the judgment of the trial court, and it is so ordered.

Buckles, J., and McLaughlin, J., concurred.