[Civ. No. 4537. First Appellate District, Division One.—June 24, 1924.]

## FRANK R. MACHADO, Appellant, v. BANK OF ITALY (a Corporation) et al., Respondents.

[1] DEED OF TRUST — FUTURE ADVANCES — PRIORITY—TACKING—EVIDENCE.—In this action to quiet title to certain real property acquired by plaintiff upon foreclosure sale under a deed of trust in which he was the beneficiary, the evidence was ample to sustain the finding of the trial court to the effect that plaintiff had agreed that the deed of trust of defendant (which was executed concurrently with the deed of trust in favor of plaintiff) should have priority over the deed of trust in favor of plaintiff; and all the parties having known that the deed of trust provided for the making of future advances, and plaintiff having been represented by counsel, the future advances provided for in such deed of trust and subsequently made by defendant tacked, and the deed of trust in favor of defendant gave a valid prior lien for all such future advances made thereunder although made after notice of the subsequent encumbrance in favor of plaintiff.

[2] ID. — FUTURE ADVANCES — AMOUNT—ORAL AGREEMENT.—In such case, the fact that the amount of such advances was left open did not alter the situation or indicate that none was intended; and the oral agreement of defendant and the trustor that sixty per cent of the appraised value of the property would be loaned by defendant to the trustor made it obligatory upon defendant to advance at least such amount.

[3] ID. — EXCESSIVE BANK LOAN — VALIDITY. — The question of the amount of a loan by a bank being excessive under the California Bank Act (sec. 7, subd. 4) is one to be regulated and adjusted between the state authorities and the bank, and is a matter with which some other person holding a second lien upon the same property is not concerned.

[4] ID.—VENDOR'S LIEN — WAIVER.—The right of a vendor of real property to a vendor's lien is waived by his acceptance of security in the nature of a second deed of trust upon the property and a chattel mortgage upon certain personal property and his foreclosure of both.

(1) 27 Cyc., pp. 1169, 1229.   (2) 27 Cyc., pp. 1070, 1169.   (3) 7 C. J., p. 875, sec. 934.   (4) 39 Cyc., pp. 1835, 1838.

3. See 4 Cal. Jur. 276; 3 R. C. L. 605.
4. Waiver of lien of vendor, note, 137 Am. St. Rep. 185. See, also, 27 R. C. L. 593.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ross & Ross for Appellant.

John J. Jones and Louis Ferrari for Respondents.

TYLER, P. J.—Appellant instituted this action against the Bank of Italy, a corporation, for the purpose of requiring it and others to state and set forth their rights and interests in and to certain lands described in the complaint, whether acquired through deed of trust, liens or otherwise. The relief asked for was that the court determine the amount due, together with the cost of reconveyance, and upon payment or deposit in court of such sum the title of plaintiff be quieted. General relief, was also asked for. Defendants, answering, set up the defense that they claimed certain rights and interests in the property as beneficiaries by virtue of a certain deed of trust given as security for a loan in the sum of $25,000, together with interest thereon, and that such deed of trust provided and required that defendant corporation make future advances. It is then alleged that said defendant did accordingly make such advances in the sum of $25,500, in addition to the original loan of $25,000, aggregating, with interest, more than $50,500. The answer prayed that plaintiff take nothing and that it be decreed that defendants have a lien upon the property under the terms of the deed of trust to the amount of its original note, together with the additional advances, amounting in all to the sum of $53,254.77 principal and accrued interest, and that such lien be declared to be prior in right to plaintiff in the premises.

After trial judgment went for defendants as prayed for and plaintiff appeals.

The facts disclosed by the record are the following: Prior to and on the twenty-first of February, 1920, the appellant was the owner and in possession of the lands described in the complaint. At that time the land was encumbered by two deeds of trust in favor of one Dussing, which were executed to secure the payment of notes aggregating the sum

of $25,000 principal and some $300 accrued interest. One
Francesco Amato desired to purchase the land, and he, to-
gether with an agent named Danzi, visited appellant and
entered into negotiations with him with that end in view.
Appellant was ready to sell and the parties agreed upon the
terms. Amato, the intending purchaser, had no ready money,
and he, accompanied by the agent, called at the defendant
bank at its branch in the city of Santa Clara for the pur-
pose of procuring a loan. They there met Fatjo, the man-
ager, and Amato made the request that he be permitted to
borrow the sum of $25,000 and such other sums later on as
he might need to erect improvements on the land and make
it fit for his business purposes. The principal sum requested
was required by him to pay off the Dussing encumbrance.
Mr. Fatjo stated that he would have the property appraised
and would lend up to sixty per cent of its value. There-
upon, at the suggestion of Mr. Fatjo, Amato and the agent
interviewed one I. E. Pomeroy, the bank's official appraiser,
and they proceeded to the premises, and the land was ap-
praised by Pomeroy as of the value of $72,000. Thereafter
Amato and Danzi again visited the bank, and, in a conversa-
tion with Manager Fatjo, Amato again requested that he be
advanced sums in excess of $25,000 for the necessary im-
provements. Fatjo again agreed to lend up to sixty per
cent of the appraised value of the land. Subsequently
Amato, Danzi, and the appellant Machado called at the office
of John G. Jones, an attorney at law, for the purpose of
having the oral agreement concerning the sale and purchase
of the land reduced to writing. The agreement was pre-
pared on February 21, 1920, and executed in duplicate. By
the terms thereof appellant agreed to sell and Amato agreed
to purchase the land for the sum of $72,600, and Amato also
agreed to buy certain personal property used by Machado
in his business for the further sum of $10,000. The sum of
$25,000 was to be paid in cash on account, which sum it
was agreed should be used to pay off the amount due under
the Dussing deeds of trust then encumbering the land so as
to make it clear of all liens, and the payment of the balance
of the purchase price amounting to the sum of $57,600 was
to be secured by the execution of a deed of trust by Amato
on the real estate and a chattel mortgage on certain cattle.
The agreement provided that beginning May 1, 1920, Amato

should pay on account of interest and the purchase price the sum of $1,500 per month for the period of three months, and that thereafter and beginning August 1, 1920, he should pay not less than $2,000 per month, together with interest on all deferred payments. It further provided that the appellant should have an abstract of title prepared. This was done and it was brought down to the date of March 10, 1920. It showed title in the appellant subject to the encumbrances for $25,000 in favor of Dussing, and it also contained a copy of the executory contract of sale entered into between appellant and Amato. The abstract was delivered to Mr. Jones. The bank at this time had no regular attorney at Santa Clara, but it entrusted the matter to Jones, who up to this time was acting for Amato in the transaction with appellant. Jones made an examination of the abstract, found the title satisfactory, and the matter of sale and loan thereupon proceeded. One J. M. Atkinson acted for the appellant in the transaction. He drafted a deed from Machado to Amato, and a deed of trust and chattel mortgage from Amato to Machado, to secure the balance of the entire purchase price of $57,600. Jones, as attorney for defendant bank, also prepared a note from Amato to that institution for the sum of $25,000 and a deed of trust to secure the payment of said sum, together with future advances. The various instruments covering the transaction all bear date March 22, 1920, and all were signed and acknowledged as one transaction at the office of Jones in San Jose, there being present appellant Machado, Amato, Danzi, Atkinson, and Jones. The instruments being ready for delivery and recording, it was ascertained that Machado did not have the funds with which to pay a balance due as interest on the Dussing notes, amounting to some $300, or to purchase the necessary United States documentary stamps to affix to his deed to Amato. The parties thereupon adjourned to March 29, 1920. The defendant bank in the meantime advanced to Amato the sum of $5,000. The deed of trust given by Amato to the bank, as also the deed given by Amato to Machado, provided for future advances, and it was under this provision in favor of the bank that Amato obtained the $5,000. On the day last mentioned the parties again met and the transaction was completed by delivery between them of the various instruments. They then proceeded to the county recorder, where

the papers were delivered for recording. The reconveyance from Dussing to Machado was first recorded, following which came in the order recited the deed from Machado to Amato, the deed of trust from Amato to the Bank of Italy, the deed of trust and the chattel mortgage from Amato to Machado.

Thereafter Mr. Jones delivered the abstract of title to defendant Fatjo as manager of the bank, together with his written report. This report refers to one of the two deeds of trust to Dussing, the deed to Amato, and the deed of trust of Amato to the bank, but it does not refer to the written agreement between appellant and Amato or the deed of trust from Amato to appellant, which were then both of record. In other words, the bank by this communication was not directly advised how Amato financed the transaction or that appellant had a deed of trust upon the property for the unpaid portion of the purchase price. Mr. Fatjo, who personally made all the loans for the bank, testified that he had no knowledge upon the subject. Machado individually, and through his attorney, had agreed to the priority of defendant bank's deed of trust, one of the provisions of which related to future advances.

Thereafter Amato went into possession of the premises under his deed but failed to comply with his agreements with reference to payments, and the land and chattels were sold at a trustee's sale, Machado bidding in the property. Thereafter Machado tendered to defendant bank the sum of $28,000 due under its original loan of $25,000. The bank refused to accept this sum, claiming that the tender should have also included the amount of money loaned by way of future advances; and one of the claims of appellant is that the effect of such tender and refusal is to discharge the entire lien by reason of the provisions of section 1504 of the Civil Code. Thereafter this suit was instituted against the bank and the trustees named in the Amato trust deed to obtain the relief herein prayed as heretofore set out.

Under the facts as narrated plaintiff claimed below and does here that while his deed of trust at the date of its execution was subordinate to that of defendant bank in so far as the original loan of $25,000 is concerned, it was not subordinate to the sums advanced by the bank under the clause of its trust deed relating to future advances. At the conclusion of the trial the court below found in substance that

Machado agreed with Amato that defendant bank's trust deed should be a first lien upon the property and that he consented to all the provisions thereof, and that the deed of trust provided that such future advances should be secured by its provisions. It further found that advances were subsequently made by the bank to the extent of $25,000, which advances were obligatory upon the bank by reason of the oral agreement entered into by the manager thereof at the time the loan was negotiated by Amato, and that such agreement was an essential and integral part thereof. Additional findings are to the effect that the bank had no actual notice, either direct or indirect, of the execution, existence, or recordation of the deed of trust executed by Amato in favor of Machado as security for the balance of the purchase price of $57,600, nor did it have such notice at the times of the making of the additional loans aggregating the sum of $25,500. It was accordingly found that there was due to the bank from Amato on the twenty-second day of January, 1922, the sum of $53,254.77, which said sum was by the bank's deed of trust above referred to, according to the terms thereof, a first lien upon the premises.

It is contended by appellant that the evidence is wholly insufficient to sustain either one of such findings or the judgment based thereon.

[1] If the finding of the court to the effect that appellant consented that the bank's lien should have priority and that his lien should be subordinate thereto finds support in the evidence, it is decisive of this case irrespective of whether or not the bank had knowledge of the existence or terms of the encumbrance held by appellant.

That the evidence is ample upon this subject there can, in our opinion, be no question. As to the original loan and the sums due thereunder it is conceded that the appellant agreed that the bank's trust deed should have priority. All the parties knew of the terms of this deed when this consent was given. There was no limitation in any way affecting this agreement. The attorneys for both sides were quite familiar with all the conditions thereof and plaintiff was represented by counsel. Under such circumstances the future advances provided for tack, and the deed gives a valid lien for all advances made thereunder although made after notice of the subsequent encumbrance.

[2]  Nor does the mere fact that the amount of such advances was left open alter the situation or indicate that none was intended.  Amato and the bank had not agreed upon any specific sum, but only that sixty per cent of the appraised value of the property would be loaned.  This oral agreement to advance at least such amount was obligatory upon the bank (*Bank of Soquel* v. *Ashbury,* 117 Cal. 96 [48 Pac. 1081]; *Sivers* v. *Sivers,* 97 Cal. 518 [32 Pac. 571]; *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 288 [84 Pac. 58]; *Langerman* v. *Puritan Dining Room,* 21 Cal. App. 637 [132 Pac. 617]; *Fuller* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027]).

Neither does the law require a definite statement of the amount to be loaned be set forth (*Buck Co.* v. *Buck,* 162 Cal. 300 [122 Pac. 466]; *Langerman* v. *Puritan etc., supra*).

Aside from the express terms of the deed of trust the entire evidence fully supports the conclusion that such was the intention of the parties.  Appellant knew that Amato was without funds and that the defendant bank was loaning him money.  He also knew that he intended to bring a large herd of cows to the premises for dairy purposes, and that the barns and equipment on the place were insufficient for their accommodation and that other improvements would have to be erected for this purpose.  He saw the improvements being made.  His security was proportionally strengthened by the advances; and if he did not desire them to take precedence over his liens he should not have consented thereto.

[3]  The argument is made that the finding of the trial court that the advances amounting to $25,500 were obligatory upon the bank is unsupported by the evidence for the reason that the California Bank Act (Stats. 1909, p. 102, sec. 67, subd. 4) provides that a savings bank shall in no event make loans on property exceeding sixty per cent of the market value thereof; and as the sums advanced exceeded this amount the obligation based thereon is void.

There are two answers to this contention.  The act does not declare that an agreement in violation of its terms is void.  The question of a loan being excessive under the act is one to be regulated and adjusted between the state authorities and the bank, and is a matter with which appellant has no concern (*Britton* v. *Oakland Bank,* 124 Cal. 282 [71 Am. St. Rep. 58, 57 Pac. 84]; *Blochman* v. *Investment Co.,* 177

Cal. 762 [171 Pac. 943]). Then, again, the value of the premises was increased from time to time as the advances went into improvements upon the land, which increased its value to an amount beyond the limitation.

[4] Something is contained in appellant's briefs with reference to the right of appellant to a vendor's lien and its effect upon the bank's deed. Whatever right appellant may have had to a vendor's lien he waived when he accepted security in the nature of his deed of trust and chattel mortgage and his subsequent foreclosure of both (*Lee* v. *Murphy,* 119 Cal. 364 [51 Pac. 549, 955]).

From what we have said it follows that by reason of the provisions in the bank's trust deed permitting future advances to be made, which were, as the trial court found, understood and fully agreed to by the parties, the balance of the purchase price represented by the trust deed given by Amato to appellant was subordinated to the deed of trust of the bank not only for the amount of the original loan but also for the sums subsequently advanced. (*Fuller* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027].)

This conclusion renders unnecessary a discussion of the evidence and its sufficiency to support other findings.

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 22, 1924.

All the Justices concurred except Myers, C. J., who dissented.