[Civ. No. 8269. First Appellate District, Division One.—March 12, 1932.]

YOST-LINN LUMBER COMPANY (a Corporation), Respondent, v. RAY WILLIAMS et al., Defendants; FRANCES NUSEWANDER, Appellant.

GORDON-HARRISON-RUSSELL, INC. (a Corporation), Respondent, v. FLORENCE L. SNYDER et al., Defendants; FRANCES NUSEWANDER, Appellant.

Robert E. Austin, John N. Helmick and Justin F. Kragh for Appellants.

Earle M. Daniels and D. Chase Rich for Respondents.

KNIGHT, J.—These actions to foreclose materialmen's liens were consolidated for trial and from the judgment entered therein the defendant Frances Nusewander has appealed. There is no dispute about the facts, and the sole question of law involved is whether, as the trial court held, the liens of the materialmen were superior to a portion of the mortgage lien held by the defendant Frances Nusewander.

According to the admitted facts, the defendants Ray and Emily Williams, in order to finance the construction of a building on a lot of which they were the owners, obtained from the Wilshire Mortgage Corporation a loan of $5,500, evidenced by a note for that amount, secured by a first mortgage on said lot, and a building and loan agreement providing for the advancement and expenditure of the $5,500 as the work on the building progressed. Following the execution of said documents the mortgage corporation opened on its books a building-loan account with the Williams and credited the same with the sum of $5,500. At the same time the Williams also gave a trust deed to the property (which is not here involved) in favor of Jennie C. Ward, to secure the payment of a note for $3,850, the trust deed being made subject to said mortgage. All of the instruments above mentioned bore date August 18, 1926; the mortgage and trust deed were recorded on September 23, 1926, and on October 4, 1926, plaintiffs commenced and thereafter continued up to March 10, 1927, to furnish materials for the erection of said building. In the meantime, to wit, on November 24, 1926, the mortgage corporation assigned its mortgage to the defendant Frances Nusewander; and on December 28, 1926, the Williams deeded the property to the defendant Florence Snyder. With reference to the assignment of the mortgage to Frances Nusewander the court found that at the time it was assigned "the improvements on said real property were partially completed, and that on said date the said Frances Nusewander took

the said mortgage with full notice of existing claims by materialmen and laborers''. On February 28, 1927, the plaintiff Yost-Linn Lumber Company filed its claim of lien for the materials it had furnished; on March 10, 1927, all work on the construction of the building was abandoned; and on the following day the plaintiff Gordon-Harrison-Russell, Inc., filed its lien for materials furnished. One of the covenants and conditions of the loan agreement provided that ''the party of the first part [the mortgage corporation] is not obligated to advance the funds as herein provided, or any part thereof, if said building is not erected in strict accordance with said plans and specifications . . . ''. It also contained the following provision: ''It is agreed that in the event that the work of erecting said building is abandoned for a period of thirty days, then the party of the first part may, at its option, but is not obligated to do so, complete said building, using for that purpose the funds remaining in its hands; and any funds so used for such completion shall be deemed as paid to the party of the second part under the terms of this agreement; and any costs and charges incurred in the completion of said building in excess of said amount shall be a lien on the hereinbefore described property and be secured in a like manner as the mortgage and trust deed.''

The abandonment of the work continued for more than 30 days, and at the expiration of that time the mortgage corporation, exercising its option under the terms of the loan agreement, took possession of the premises, and completed the erection of the improvements thereon in accordance with the plans and specifications. To accomplish such purpose it necessarily expended the full balance of $3,000 remaining in the $5,500 loan fund; and in this regard the court found that in ''expending and advancing the balance due under said loan contract it was and is a voluntary advancement, and was not required by the building loan agreement then outstanding''. On November 14, 1927, by reason of the default in payment of money to Jennie C. Ward, the property was sold pursuant to the terms of the trust deed, and Jennie C. Ward became the purchaser thereof. From the foregoing facts the trial court concluded as a matter of law that as between Frances Nusewander and plaintiffs the former held a prior and subsisting mort-

gage lien against the property to the extent only of $2,500, which represented the portion of the loan advanced up to the time of the abandonment of the work.

We are of the opinion that the trial court did not err in so holding. As said in *Fickling* v. *Jackman*, 203 Cal. 657, 662 [265 Pac. 810, 812]: "The decisions have clearly settled that where the consideration for a mortgage or deed of trust has not passed until after work commenced or materials furnished, although the mortgage or deed of trust has been recorded prior to the commencement of work or the furnishing of materials, the lien of the mortgage or deed of trust is prior to the mechanics' liens where the making of the advances is obligatory on the part of the mortgagee or the beneficiary." [Citing a number of authorities.] "But," continues the court, "where the advances are optional with the mortgagee or beneficiary, the lien of the mortgage or deed of trust is postponed to the date or dates respectively as of which the advances actually are made. (*W. P. Fuller & Co.* v. *McClure, supra;* Jones on Chattel Mortgages, 3d ed., sec. 97.)" There is a similar restatement of the rule in *Smith* v. *Anglo-California Trust Co.,* 205 Cal. 496 [271 Pac. 898]; and the decision in *W. P. Fuller & Co.* v. *McClure,.* 48 Cal. App. 185 [191 Pac. 1027, 1030], cited approvingly in both of the foregoing cases, expounds in greater detail that part of the rule relating to the effect of making optional payments. In this regard, in quoting from the case of *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 288 [84 Pac. 58], the court says: " 'There is a marked distinction recognized in the cases between advances which are optional with the mortgagee and advances which are agreed to be made, i. e., obligatory, and the amounts definitely fixed. This distinction is stated in *Savings etc. Soc.* v. *Burnett,* 106 Cal. 514, 532, 533 [39 Pac. 922], where the court seems to regard *Tapia* v. *Demartini,* 77 Cal. 383 [11 Am. St. Rep. 288, 19 Pac. 641], as stating the rule as to optional advances, as also does *Hall* v. *Glass,* 123 Cal. 500 [69 Am. St. Rep. 77, 56 Pac. 336].' (*Valley Lumber Co.* v. *Wright,* 2 Cal. App. 291 [84 Pac. 58].)" And continuing, the court goes on to say: "Where a mortgagee has obligated himself to make advances, such advances tack, and the mortgage, when recorded, is a valid lien for all the advances actually made, although they

may have been made after notice of a subsequent mortgage or encumbrance of the property. Where, however, the mortgagee is not obligated to pay the full amount of the sum named or to make all the advances mentioned in the mortgage, but it is optional with him to do so or not, and he makes advances or payments after having notice that a lien has attached in favor of a third party, his lien for payments or advances made after such notice will be postponed to that of the junior encumbrance, and each of such advances will be deemed the equivalent of a new mortgage. In such cases the mortgage lien attaches as and when the optional advancements are made. The rule is stated in Cyc. as follows: 'A mortgage given to secure future advances has priority over mechanics' liens subsequently arising to the extent of the full amount advanced, including what is advanced after, as well as before, the accrual of the mechanics' liens, where the making of such advances was obligatory upon the mortgagee under the terms of his contract with the mortgagor; but as to mere voluntary advances made after the mechanics' liens accrued, and with notice thereof, the mortgage is postponed.' (27 Cyc. 239, 240.) This statement of the rule is, we think, substantially correct, and is either sustained or recognized by the following authorities: . . . [Citing numerous authorities.]''

In the present case, as pointed out, the loan agreement pursuant to the terms of which it was agreed the money was to be expended, expressly provided that in the event of the abandonment of the work on the building for a period of 30 days the mortgage company *"may, at its option, but is not obligated to do so,* complete said building, using for that purpose the funds remaining in its hands". Obviously, therefore, following the 30-day period of abandonment of the work it was not obligatory upon said corporation to advance any further sums of money whatever; and that being so, under the law as declared in the foregoing authorities and in the case of *Althouse* v. *Provident Mutual etc. Assn.,* 59 Cal. App. 31 [209 Pac. 1018], which involved a clause in the deed of trust somewhat similar to the one here under consideration, the trial court was correct in finding as it did that the sums of money expended subsequent to the abandonment of the work constituted voluntary advances, and that having been made after the accrual of the

materialmen's liens and with notice thereof, were not the subject of any superior lien.

Appellant argues that by granting the application for the loan and taking the mortgage as security therefor, followed by the opening of a building-loan account with a credit of $5,500, the mortgage corporation became obligated to advance the full amount thereof; and in support of the argument she relies largely upon the conclusions reached in the cases of *Valley Lumber Co.* v. *Wright, supra,* and *Smith* v. *Anglo-California Trust Co., supra.* But an examination of the decisions therein will disclose that the facts of those cases were essentially different from those here, for the reason that neither of those cases involved a covenant such as we have here, providing that upon the happening of a certain event it was optional with the mortgagee to advance the remaining portion of the loan.

The judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.