[Civ. No. 1067. Fourth Appellate District.—October 11, 1933.]

THE LUMBER AND BUILDERS SUPPLY COMPANY (a Corporation), Appellant, v. M. C. RITZ et al., Respondents.

G. FAYLE, Appellant, v. M. C. RITZ et al., Respondents.

Maurice M. Myers and O. E. Mark for Appellants.

Rorick & Cottingham and D. L. Ault for Respondents.

JENNINGS, J.—The above-entitled actions, which were consolidated for trial, were instituted by the plaintiffs to foreclose materialmen's liens on certain real property. From a judgment decreeing that the property be sold and the proceeds realized from the sale be applied to the payment of plaintiffs' claims but that such sale should be subject to a certain trust deed executed by the owners of the land in favor of defendant Oceanside Finance Company, as trustee for the benefit of defendant First National Bank of Oceanside, the plaintiffs have appealed. There is no dispute as to the facts which were developed during the trial of the action and the sole question of law which is here presented is whether the trial court was correct in adjudging that plaintiffs' liens are subordinate to the lien of the trust deed.

The facts which are pertinent to the above-mentioned question and whose narration is necessary for its intelligent consideration are contained in the following statement. The defendant M. C. Ritz was the owner of two vacant lots in the town of Encinitas in San Diego County. Desiring to clear the title to said lots and to erect a building thereon he applied to an officer of the aforesaid bank for a loan of money. On March 20, 1930, the bank advanced him the sum of $400 and received from him a promissory note executed by him and his wife, Maude Ritz, in the amount of $400, payable six months after date. To secure payment of the note Ritz and his wife executed a deed of trust

whereby they conveyed title to the property to the finance company in trust for the benefit of the First National Bank of Oceanside. The trust deed was duly recorded on March 29, 1930. In addition to specifically securing payment of the aforesaid note the instrument also contained the following provision: "And further as security for all future advances by beneficiary (the bank) to said trustor (or trustors jointly or severally) up to and including $12,500 and all indebtedness to beneficiary either as principal or surety, now existing or hereafter incurred by said trustor (or trustors jointly or severally), or any renewals, and all other present or future demands of any kind or nature, of the beneficiary against the trustor (or trustors jointly or severally) whether created directly or acquired by assignment, whether absolute or contingent, whether on an account or on obligation, whether due or not due or otherwise." At the time the loan of $400 was made Ritz stated to the officer of the bank that the money then advanced would be used to complete payments due on the lots and to pay taxes and to purchase an old house which he proposed to place upon the lots. He also stated that he would probably require more money and in response to an inquiry as to how much he would need he replied that he would require $1,000 additional. The officer of the bank agreed that the bank would make additional advances up to the amount specified and the borrower stated that he would secure payment of all moneys loaned by a mortgage on a pool-hall owned by him and by the deed of trust on the aforementioned lots. On April 14, 1930, the plaintiffs commenced to furnish materials and labor in accordance with contracts theretofore made between them and Ritz. On May 23, 1930, the First National Bank of Oceanside loaned Ritz an additional $1,000 and in return therefor received a promissory note in this amount executed by Ritz and his wife. At the time this additional sum was advanced to Ritz he stated to the officer of the bank with whom he dealt that the money would be used to pay for the labor and material "that went into the building". At this time he also stated that the building was half completed. On this same date Ritz executed a chattel mortgage on a pool-hall and barber-shop owned by him. He testified that the mortgage was executed "in connection with this matter".

■ The trial court found that, at the time the additional loan of $1,000 was made, the First National Bank of Oceanside had actual notice that the liens of plaintiffs for labor and material furnished for the construction of the building had attached. While respondents intimate that the evidence does not justify the making of such a finding, we entertain the opinion that the suggestion is not warranted. It is conceded that the bank had actual notice that the building was being constructed and the evidence is undisputed that the officer of the bank with whom Ritz dealt was informed by him that the building was then half completed. In view of all the circumstances presented by the record we think that the above-mentioned finding is not lacking in evidentiary support.

■ There is no dispute between counsel that a trust deed or mortgage which is given to secure payment of an indebtedness may include advances to be made in the future (*Tapia* v. *Demartini,* 77 Cal. 383 [19 Pac. 641, 11 Am. St. Rep. 288]). Nor is it disputed that the rule is established in California that, if future advances are obligatory upon the mortgagee, the lien of the mortgage is superior to liens of other encumbrancers which attach subsequent to the execution of the mortgage but prior to the making of such future advances, but that, if the future advances are merely optional with the mortgagee, the lien of the mortgage as to such future advances is inferior to liens of encumbrances which have attached subsequent to the execution of the mortgage but prior to the making of such future advances, and of whose existence the mortgagee has notice (*Tapia* v. *Demartini, supra*; *Hall* v. *Glass*, 123 Cal. 500, 504 [56 Pac. 336, 69 Am. St. Rep. 77]; *Fickling* v. *Jackman,* 203 Cal. 657 [265 Pac. 810]; *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 288 [84 Pac. 58]; *Fuller & Co.* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027]; *Harper Reynolds Co.* v. *Hammond Lumber Co.,* 51 Cal. App. 74 [196 Pac. 97]; *San Francisco Lumber Co.* v. *Yates,* 54 Cal. App. 109 [204 Pac. 423]; *Yost-Linn Lumber Co.* v. *Williams,* 121 Cal. App. 571 [9 Pac. (2d) 324]; *Hayward Lumber & Inv. Co.* v. *Naslund,* 125 Cal. App. 34 [13 Pac. (2d) 775]).

In view of this rule the single question presented upon this appeal is whether the trial court was justified in holding that the advance of $1,000 made by the First National Bank

of Oceanside to Ritz on May 23, 1930, at a time when the bank had actual notice that the liens of the plaintiffs for labor and material had been attached, was an advance which was obligatory upon the bank or whether it was purely optional.

The trial court properly observed that the trust deed did not disclose on its face whether or not the bank was obligated to make the additional advance of $1,000 which was made on May 23, 1930. The language of the instrument states that it is given "further as security for all future advances . . . up to and including $12,500". This language contains no hint or suggestion as to whether the bank was under any obligation to make future advances.

■ The above-quoted language appearing on the face of the instrument did, however, disclose that the trust deed was given not only to secure payment of an existing indebtedness but that it was also intended to secure repayment of future advances. It was sufficiently definite to put subsequent encumbrancers on inquiry and imposed upon them the duty of ascertaining the extent of the lien created by the trust deed (*Tapia* v. *Demartini, supra; Frank H. Buck Co.* v. *Buck*, 162 Cal. 300–306 [122 Pac. 466] ; *Machado* v. *Bank of Italy*, 67 Cal. App. 769–775 [228 Pac. 369] ).

■ The trial court admitted evidence which showed that, at the time the $400 mentioned in the trust deed was advanced, the officer of the bank with whom Ritz dealt orally agreed that the bank would, in the future, make a further advance of $1,000. This evidence was properly received without objection and was competent (*Tapia* v. *Demartini, supra; Fuller & Co.* v. *McClure*, 48 Cal. App. 185 [191 Pac. 1027] ; *Machado* v. *Bank of Italy, supra*). It was thus made clearly to appear that the First National Bank of Oceanside was obligated by a binding promise to make the further advance of $1,000. Since this was the situation with respect to the said further advance, it is obvious that the trial court correctly applied the aforementioned rule and properly held the lien of the trust deed superior to those of the materialmen.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.