[Civ. No. 13343.   Second Dist., Div. Two.   Apr. 29, 1942.]

CHARLES F. WILLARD, Appellant, v. THE NATIONAL SUPPLY COMPANY (a Corporation), Respondent.

Landon Morris for Appellant.

Flint & MacKay for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover the sum of $4,424.61, plaintiff appeals. Plaintiff urges error here only insofar as the judgment was in favor of defendant National Supply Company.

The essential facts are:

January 16, 1940, El Rey Oil Company entered into a written agreement with defendant Gilmore Oil Company by the terms of which said defendant agreed to pay El Rey Oil Company $8,000 when, as, and if said El Rey Oil Company drilled a certain oil well located in the county of Los Angeles to a depth of 8,500 feet. January 22, 1940, El Rey Oil Company assigned to defendant National Supply Company money which might be due it under the aforesaid agreement with the

Gilmore Oil Company by an agreement, the material part of which is as follows:

"Los Angeles, California,
January 22, 1940.

"The National Supply Company,
147 North Los Angeles Street,
Los Angeles, California.

Gentlemen:

"We understand that The National Supply Company (hereinafter called 'National') is willing to extend to the undersigned credit to the extent of $8,000.00 in connection with the sale to the undersigned of materials and supplies to be delivered to the undersigned and used by the undersigned in, on, or about a certain well to be drilled, the location of which is set forth in a certain agreement between the undersigned and Gilmore Oil Company dated January 16, 1940.

"In consideration of said extension of credit and of your agreement to sell, as aforesaid, the undersigned does hereby sell, assign, transfer, and set over unto National all moneys due or to become due to the undersigned under and by virtue of a contract between the undersigned and Gilmore Oil Company dated January 16, 1940."

The first paragraph of the foregoing agreement was on February 9, 1940, by mutual consent of the parties amended to read thus:

"We understand that The National Supply Company (hereinafter called 'National') is willing to extend to the undersigned credit to the amount of $8,000.00 in connection with the sale to the undersigned of materials and supplies which you handle and/or manufacture."

On January 27, 1940, El Rey Oil Company assigned to plaintiff all of its remaining right, title, and interest in and to the agreement dated January 16, 1940, with defendant Gilmore Oil Company by assignment reading as follows:

"January 27th, 1940.

"For and in consideration of the sum of Ten ($10.00) Dollars, cash in hand paid, receipt of which is hereby acknowledged, the undersigned, El Rey Oil Company, a California Corporation, hereby sells, assigns, transfers and conveys unto Charles F. Willard, 2650 East Washington Blvd., Los Angeles, Calif. all of its remaining right, title and interest in and to that certain $8,000 commitment of the Gilmore Oil Company,

dated January 16th, 1940, and payable to the undersigned, which said commitment is now held as security by The National Supply Company, 147 North Los Angeles St., Los Angeles, California, for the payment of the account of the undersigned, which the undersigned guarantees does not exceed the total sum of $4000 leaving a net equity owned by the undersigned El Rey Oil Company, and assigned by these presents of an amount not less than Four Thousand ($4,000.00) Dollars.

"To have and to hold unto the said Charles F. Willard, his heirs, successors and assigns forever.

"El Rey Oil Company
"(Seal)    By J. Warren Miller, Pres.
By J. F. Martgan Secy."

On February 12, 1940, El Rey Oil Company placed with National Supply Company an order, which the latter accepted, for merchandise of the value of $4,500 to be delivered to the R. R. Bush Oil Company. On February 12, 1940, subsequent to the placing and acceptance of the foregoing order, defendant National Supply Company received notice of the assignment by El Rey Oil Company to plaintiff set forth *supra*. Subsequent to February 12, 1940, defendant National Supply Company delivered, pursuant to the order of February 12, 1940, to R. R. Bush Oil Company merchandise of the value of $4,500.

This is the sole question necessary for us to determine:

*Was the assignment of January 27, 1940, by El Rey Oil Company to plaintiff superior to the order placed with said defendant by El Rey Oil Company on February 12, 1940?*

This question must be answered in the negative. We believe the correct rule to be that a seller may make deliveries of merchandise after notice of a later lien or encumbrance without losing his right to enforce a prior lien when at the time he receives notice of the later lien he is under a compulsory obligation to furnish the merchandise to his vendee. (See 25 Cal. Jur. (1926) 27, § 17; *Citizens Savings Bank of San Diego* v. *Mack*, 180 Cal. 246, 251 [180 Pac. 618].) We have neither found nor has there been directed to our attention any case directly in point which involves a situation where the security given to the vendor consisted of an assignment of a chose in action; however, we find nothing which distinguishes the case from the rule applicable where money is lent pursuant to the terms of a mortgage or trust deed. In

the case of mortgages the rule is established that where a mortgagee has obligated himself to make advances, such advances tack and the mortgage lien when recorded is a lien for all advances actually made although they may have been made after notice of a subsequent mortgage or encumbrance of the property. (*W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 191 [191 Pac. 1027]; *Valley Lumber Co.* v. *Wright,* 2 Cal. App. 288 [84 Pac. 58]; *Atkinson* v. *Foote,* 44 Cal. App. 149, 159 [186 Pac. 831]; *Lumber & Builders Supply Co.* v. *Ritz,* 134 Cal. App. 607, 610 [25 P. (2d) 1002]; 22 Cal. L. Rev. 705; 17 Cal. Jur. § 183, p. 899.)

The same rule has been applied in the case of trust deeds. (*Machado* v. *Bank of Italy,* 67 Cal. App. 769, 774 [228 Pac. 369]; *Valley Lumber Co* v. *Wright, supra.*) Likewise the rule has been applied in the case of pledges (*Citizens Savings Bank of San Diego* v. *Mack, supra,* at p. 251, and *Bank of Napa* v. *Ferguson Burns Estate, Inc.,* 48 Cal. App. 319, 324, 326 [192 Pac. 66].)

Applying the foregoing rule to the instant case, it is apparent that on February 12, 1940, when defendant National Supply Company received notice of the assignment which plaintiff held, it was under a compulsory obligation to deliver to R. R. Bush Oil Company merchandise of the value of $4,500, and, since prior to that time said defendant had delivered to El Rey Oil Company merchandise of the value of $3,500, there was no overplus due said defendant from the Gilmore Oil Company and therefore no sum due plaintiff by the El Rey Oil Company's assignment to plaintiff.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1942.