[Sac. No. 1093.   Department One.—February 7, 1905.]

## JONATHAN MIDDLETON, Respondent, v. ARASTRA-VILLE MINING COMPANY et al., Appellants.

MINING CORPORATIONS—MORTGAGE BY FIRST BOARD OF DIRECTORS—CONSTRUCTION OF CIVIL CODE—CORPORATE POWERS—NECESSARY IMPLICATION.—A mortgage upon mining property purchased by a mining corporation, executed by its president and secretary in pursuance of a resolution of the first board of directors named in the articles of corporation, was duly executed by the corporation. Under sections 290, 292, and 302 of the Civil Code it is necessarily implied that in the interim between the organization of the corporation and the first election of directors the corporate powers and authority of the corporation may be exercised by the directors named in the articles of incorporation.

ID.—EVIDENCE—RATIFICATION OF MORTGAGE BY STOCKHOLDERS—CERTIFICATE OF SECRETARY—STOCK-BOOK AND STOCK-JOURNAL.—The record made and certified by the secretary of the corporation at the annual meeting of the stockholders, showing a unanimous ratification by them of the mortgage upon the mining property, was *prima facie* evidence of that fact; but in so far as it states the number of shares represented, and that the secretary announced the total number of shares issued, showing that two thirds of the issued stock was not represented, it is not even *prima facie* evidence of those facts; and the stock-book and stock-journal, and other evidence of the ownership of shares represented, were admissible to show that the mortgage was in fact ratified by the holders of more than two thirds of the outstanding stock.

ID.—MORTGAGEES AS STOCKHOLDERS NOT DISQUALIFIED.—The stockholders do not stand toward each other in a fiduciary relation; and the mortgagee, in his capacity as a stockholder, was not disqualified from voting to ratify the mortgage.

ID.—INFORMATION TO STOCKHOLDERS—RATIFICATION OF LIEN.—Where all of the stockholders had sanctioned the original purchase of

the mining property, and at the annual meeting the fact of the purchase, and of the number and amounts of notes given to the grantor, and that they were secured by lien upon the company's property was stated, the ratification thereof, without seeking to be informed further as to the character of the lien, had the effect of ratifying any lien placed upon the mining ground by the directors which would be a reasonable form of security.

ID.—CERTIFICATE ATTACHED TO MORTGAGE—PRIMA FACIE PROOF.—The ratification was complete upon the adoption of the resolution by two thirds of the stockholders. |The evidence of the ratification is not required to be attached to the mortgage; but the provision of the statute for attaching to it the secretary's certificate of its adoption is for the convenience of proof, and the *prima facie* character of such certificate as evidence yields to the record proof of its adoption.

ID.—PRIORITY OF RECORDED MORTGAGE OVER LABORERS' LIENS.—The lien of a duly recorded mortgage upon the mining property executed prior to performance of labor upon the mining property takes precedence of the liens for such labor.

ID.—MORTGAGEE AS MANAGER NOT ESTOPPED—LIEN NOT POSTPONED.—The fact that the mortgagee was manager of the mining corporation during the time of the performance of the labor subsequent to the record of the mortgage, and that such labor was performed with his knowledge or even at his request, did not estop the mortgagee nor have the effect to postpone the lien of his mortgage to the laborers' liens.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion.

J. B. Curtin, J. P. O'Brien, and C. E. Dedrick, for Appellants.

F. W. Street, for Respondent.

HARRISON, C.—Action for the foreclosure of a mortgage upon certain mining property executed to the plaintiff by the defendant corporation. The other defendants claim an interest in the property by virtue of certain mechanics' liens for labor performed upon the mining ground subsequent to the execution and recordation of the mortgage. The corporation suffered default, and judgment was rendered in favor of the plaintiff for the satisfaction of his claim and for the satisfac-

tion of the claims of the defendants out of the surplus. The latter have appealed from that portion of the judgment which postpones their liens to that of the plaintiff, and urge in support of their appeal that there was no valid execution of the plaintiff's mortgage; that its execution was not ratified by the holders of two thirds of the capital stock of the corporation; and that the plaintiff is estopped from claiming a priority for his lien over their liens.

These propositions involve a consideration of the following facts:  After the secretary of state had issued his certificate that the articles of incorporation had been duly filed, the incorporators therein named adopted a code of by-laws, and on April 7, 1897, the persons named in the articles as directors for the first year, organized as a board and elected a president and secretary, and thereafter, on the same day, passed a resolution authorizing the president and secretary to enter into an agreement with the plaintiff herein for the purchase of certain mining property, including that described in the mortgage, upon certain specified terms.  On April 12th the plaintiff herein executed to the corporation a conveyance of the said property, and as a part of the consideration therefor the president and secretary executed to him certain promissory notes of the corporation.  May 25, 1897, the board of directors authorized an execution to him of a mortgage upon its mining property to secure the said promissory notes, and on the next day the mortgage described in the complaint herein was executed.  The annual meeting of the stockholders was held July 20, 1897, and at that meeting a resolution was adopted, approving and confirming the act of the directors in purchasing the said property and executing the said promissory notes and mortgage.  During the years 1899 and 1900 the plaintiff was the manager of the defendant corporation, and the appellant Tonkins was the superintendent of its mining properties, and during that period the appellants other than Tonkins performed labor upon the said mining ground, with the knowledge and consent of the plaintiff, and afterwards filed in the recorder's office notices of their claim of mechanics' liens therefor.  The appellant Tonkins, as said superintendent, performed labor and expended money on said mine for the corporation, and in September, 1900, in an action therefor against it, caused an attachment to be levied upon the prop-

erty, and, subsequent to the commencement of the present action, obtained judgment against the corporation for the amount of his claim.

1. The objection to the sufficiency of the execution of the mortgage must be overruled. It was executed by the president and secretary of the corporation in pursuance of a resolution of the board of directors expressly authorizing them to execute it. The contention of the appellant that, as under section 305 of the Civil Code the corporate powers of the corporation are to be exercised by a board of directors "elected" from the stockholders, and as the directors in office at the time the mortgage was executed were merely the persons who had been named as such in the articles of incorporation, and had not been "elected," they could not confer any valid authority to execute the mortgage, would set at naught many of the provisions of the code.

By section 296 of the Civil Code, upon the issuance by the secretary of state of his certificate that proper articles of incorporation have been duly filed, the corporation is brought into existence, with all the corporate rights and powers that are given by statute. The corporation can exercise these powers only through its board of directors, but it is not to be supposed that the legislature intended that it should be an inert and lifeless body during the interim between its coming into existence and the time of holding its first annual meeting. The provision of section 290 of the Civil Code, that the articles of incorporation must set forth the number of directors and the names and residences of those who are appointed for the first year, taken in connection with the provision of section 302 of the Civil Code, that the directors are to be elected annually, and, in the absence of any by-law in reference thereto, that such election must be held on the first Tuesday in June, necessarily implies that in the interim between the organization of the corporation and the first election of directors, the corporate powers and authority of the corporation may be exercised by the directors named in the articles of incorporation.

2. The objection that the mortgage was not ratified by the stockholders in the manner required by law is based upon the record made by the secretary of the proceedings had at the annual meeting in reference to such ratification. In this

record he stated that there were present at the meeting the holders of 25,062 shares of the capital stock of the corporation, and that the resolution for ratifying the act of the directors was unanimously adopted. In this record it is also stated that the secretary announced to the meeting that 44,065 shares of the capital stock of the corporation had been issued, and it is urged by the appellants that it is hereby shown that the resolution did not receive the approval of the holders of two thirds of the outstanding stock.

The plaintiff, however, against the objection of the defendants, was allowed by the court to introduce other evidence, some of which was taken from the stock-book and stock-journal kept by the corporation, and some of which was his own testimony, against the secretary's record of the annual meeting, both as to the amount of the outstanding stock and the amount represented at the meeting. From this evidence it appeared that only 41,365 shares had been issued, and that there were present at the meeting the holders of 31,775 shares,—that is, 6,713 more shares than was stated in the record kept by the secretary. In the records of the meeting the secretary had stated that the plaintiff was present and represented 11,515 shares. The plaintiff, however, testified at the trial that at that time he owned and held 18,828 shares of the capital stock that had been issued to him. It thus appears that by the unanimous vote of those present at the annual meeting the holders of more than two thirds of the outstanding stock ratified the acts of the directors.

The court did not err in receiving this evidence. There is no principle of law or provision of statute under which the records of a private corporation kept by its secretary are to be regarded as conclusive evidence of the facts therein stated. (See Thompson on Corporations, secs. 7739, 7740.) The record which section 377 of the Civil Code requires to be kept by the corporation of "every act done or ordered to be done" and of "who were present and who absent" at any meeting, may be regarded as *prima facie* evidence thereof as between the members or stockholders of the corporation; but the secretary's record of the statement of a fact made to the meeting by himself, or by any other, which is derived from some outside source, is not even *prima facie* evidence of that fact. The "stock and transfer book," which under section 378

of the Civil Code the corporation is required to keep, is the source from which is to be ascertained the amount of outstanding stock, as well as the names of the several stockholders and the amount held by each, and is the criterion under section 312 of the Civil Code for determining the amount of stock held by any person, and for which he is entitled to cast a vote for any purpose at a stockholders' meeting. The statement by the secretary in his record of a stockholders' meeting of the amount of stock held by a stockholder must yield to the evidence derived from this book. The testimony of the plaintiff as to the number of shares held by him at the time of the annual meeting was a matter peculiarly within his knowledge, and though subject to be overcome by the production of the stock-book, must, in the absence of evidence therefrom, prevail over the unsupported recital of the secretary in his minutes of that meeting. The court, therefore, did not err in holding that the evidence was sufficient to establish the ratification by the stockholders of the mortgage executed to the plaintiff.

The suggestion in the appellants' brief that by reason of his interest the plaintiff is disqualified from voting in favor of ratifying the act of the directors is without merit. The stockholders of a corporation do not hold a fiduciary relation to each other by which one is precluded from voting at a stockholders' meeting upon any question in which he has an individual interest adverse to any of the other stockholders.

3. The resolution adopted by the stockholders at their annual meeting was a sufficient ratification of this mortgage. The original purchase of the mining ground had been made under the express authorization of the entire body of stockholders at that time; and at the annual meeting the fact of its purchase was announced, and that in settlement therefor six promissory notes of the corporation for one thousand dollars each, secured by a lien upon the company's property, had been given to the grantor towards the payment of the purchase price. The stockholders were thus informed that the directors had created a lien upon the mining ground of the corporation, and also of the extent of that lien, and their action in unanimously approving and confirming this act of the directors, without seeking to be informed of the character of the lien, had the effect to ratify the creation of any lien

placed upon the mining ground by the directors which would be a reasonable form of security for the promissory notes. The statute (Stats. 1897, p. 96) does not require the evidence of this ratification to be attached to the mortgage. The ratification became complete upon the adoption of the resolution by the stockholders. The provision in the statute for attaching to the mortgage the secretary's certificate of its adoption is for the convenience of proof, and the *prima facie* character of such certificate as evidence yields to the production of the original record of its adoption.

4. The fact that the plaintiff was the general manager of the corporation during the time that the appellants performed their labor upon the mining ground, and that such labor was performed with his knowledge, or even at his request, did not have the effect to postpone the lien of his mortgage to the liens which they acquired by virtue of such labor. His mortgage had been executed and was a matter of public record long prior to the time when the others rendered their services, and they are held to have entered upon that service with notice that whatever rights they might acquire by reason thereof, would be subject to the prior lien of his mortgage.

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.