[Civ. No. 5367. Second Appellate District, Division Two.—November 6, 1926.]

CHURCH MANUFACTURING CO., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

[1] NEW TRIAL — TIME FOR DETERMINATION — EXPIRATION ON HOLIDAY—DENIAL BY OPERATION OF LAW.—Under section 660 and subdivision 4 of section 17 of the Code of Civil Procedure, where notice of entry of judgment was served on December 31, 1925, the superior court had the judicial days of the two calendar months of January and February, 1926, within which to rule on a motion for a new trial; and the motion for a new trial was denied by operation of law at least as early as the close of February 28th, despite the fact that the date fell on Sunday, a legal holiday.

(1) 29 Cyc., p. 1004, n. 16.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County granting a new trial. William C. Doran, Judge. Order Annulled.

The facts are stated in the opinion of the court.

Thomas A. Wood for Petitioner.

Ernest B. Coil for Respondent.

———

1. See 20 Cal. Jur. 193.

WORKS, P. J.—Petitioner was plaintiff in an action in respondent court and procured judgment against the defendant. **[1]** On December 31, 1925, petitioner here, plaintiff there, served upon the defendant in the action notice that the judgment had theretofore been entered. In due time thereafter the defendant served upon petitioner a notice of intention to move for a new trial of the action, and respondent court on March 1, 1926, made its order purporting to grant a new trial. February 28, 1926, fell on a Sunday. Petitioner filed in this court its petition asking for the writ of review for the purpose of annulling the order attempting to grant a new trial. The writ issued and respondent interposed demurrer to the petition.

Section 660 of the Code of Civil Procedure contains the following: "The power of the court to pass on motion for a new trial shall expire within two months after the verdict of the jury or service on the moving party of notice of the entry of the judgment. If such motion is not determined within said two months, the effect shall be a denial of the motion without further order of the court:" Subdivision 4 of section 17 of the same code reads: "The word 'month' means a calendar month unless otherwise expressed."

Under these enactments we think the motion for a new trial in the action above mentioned was denied by operation of law at least as early as the close of February 28th, despite the fact that the date fell on a legal holiday. Respondent had the judicial days of the two calendar months of January and February within which to rule on the motion for a new trial and no longer. This view is forced by the language of section 660. It has been expressed already by another division of the district court of appeal. See *Shepherd* v. *Superior Court,* 54 Cal. App. 673 [202 Pac. 466]. The view has received the apparent approval of the supreme court in *United Railroads* v. *Superior Court,* 197 Cal. 687 [242 Pac. 701].

Demurrer overruled. Order annulled.

Craig, J., and Thompson, J., concurred.