[Civ. No. 7140. First Appellate District, Division One.—October 14, 1929.]

FRANK G. MESSNER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Vincent W. Hallinan and James J. Roach for Petitioner.

Sloss & Ackerman for Respondents.

KNIGHT, J.—Petitioner obtained a judgment for damages after verdict by a jury in an action for malicious prosecution, and subseque.tly the trial court granted a new trial. Petitioner now seeks, by this proceeding in *mandamus*, to compel the issuance of an execution, claiming that the order granting the new trial was not made within the period of time allowed therefor by section 660 of the Code of Civil Procedure, and for that reason. is void.

The verdict was rendered on February 28, 1929, and on April 29, 1929, the court made an order to the effect that if petitioner remitted forthwith in writing ten thousand dollars of the damages awarded by the jury the motion for

a new trial would be denied; otherwise it would be granted. Petitioner refused to comply with the condition thus imposed and consequently the order granting the new trial became effective. At the time these proceedings took place the concluding paragraph of said section 660 read as follows: "The power of the court to pass on motion for a new trial shall expire within *two months* after the verdict of the jury or service on the moving party of notice of entry of the judgment. If such motion is not determined within *two months* the effect shall be a denial of the motion without further order of court." (Italics ours.) As will be observed, .the verdict was rendered on the last day of February, and respondent contends therefore that since the statute allowed "two months" thereafter within which to pass on the motion for a new trial, the second succeeding month after the verdict was rendered did not expire until April 30th. Petitioner contends that, regardless of the fact that said verdict was rendered on the last day of February, that day was the twenty-eighth day of the month, and that consequently the two months' limitation fixed by the statute expired on the twenty-eighth day of the second succeeding month, or on April 28th.

We are of the opinion that the case of *Church Mfg. Co.* v. *Superior Court*, 79 Cal. App. 637 [250 Pac. 705], is decisive of the question here presented. There notice of the judgment was served on December 31, 1925, which, as will be noted, was the last day of that month, and in construing the meaning of the words "two months" as used in that portion of section 660 above quoted the court said: "Respondent had the judicial days of the two calendar months of January and February within which to rule on the motion for a new trial. . . . " Here, 'as stated, the verdict was rendered on the last day of February, and the word "month" is interpreted by the code to mean a calendar month, unless otherwise expressed (Code Civ. Proc., sec. 17, subd. 4); therefore, under the decision in the case cited, the respondent court was given the full·period of the two succeeding calendar months of March and April, or until and including April 30th, within which to rule upon the motion for a new trial.

Aside from the controlling effect of the decision in the case cited, respondents have urged a number of other

grounds upon which we think the writ may be properly denied. Some of them relate to the legal insufficiency of the petition and are raised by demurrer, and others go to support the foregoing construction placed upon the words "two months" as used in said section 660. But since there have been no convincing reasons advanced to justify a departure from the construction placed upon said code section by the case cited, we deem it unnecessary to discuss the other grounds urged.

The demurrers to the petition are and each of them is sustained and the writ is denied.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 13, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December, 9, 1929.

Seawell, J., and Curtis, J., dissented.