[Civ. No. 4459. Third Appellate District.—December 12, 1931.]

CRIS J. FOELLMER, Respondent, v. MIDWAY LIME & CEMENT COMPANY (a Corporation) et al., Defendants; FRED SHIPLEY et al., Appellants.

D. Chase Rich and John J. Dillon for Appellants.

Bricksler, Smith, Parke & Catlin for Respondent.

PRESTON, P. J.—Action to quiet title to real property in the city of Los Angeles. After trial, a decree and judgment was entered quieting plaintiff's title to the property in question. From this judgment, the defendants Fred Ship-

ley, E. R. Locke and Steller Bros. & Skoog, a corpartnership, have appealed.

The facts are briefly these: On December 1, 1926, the property in question was owned by Miss Leora Ward and was unimproved vacant property. On that day Cavaglieri Mortgage Company agreed to loan her not exceeding $3,500 to be used in the erection of a dwelling upon said property. A mortgage for $3,500 was executed and recorded before any work was commenced on the building. This agreement between Miss Ward and the Cavaglieri Mortgage Company provided that $1,000 of said sum was to be advanced when the building was ready for plastering, $600 when all plastering was completed, $800 when said building was completed and the balance of $1100 to be advanced thirty-six days after notice of completion was filed. The agreement further provided that the mortgage company was under no obligation to make any advances, except the first, unless the building was erected; and further provided that in case of abandonment, the mortgage company could, but they were under no obligation to do so, use the balance of the funds on hand for the purpose of completing the building.

After the execution of this agreement and first mortgage, and on December 6, 1926, Miss Ward executed and delivered to Cris J. Foellmer, the plaintiff, and respondent herein, a deed of trust on said real property to secure the payment of a promissory note for $1,081. This deed of trust was duly recorded on December 10, 1926. After the deed of trust was executed and recorded, the appellants, who are lien claimants, began the furnishing of materials for the erection of said building. Default was made in the payment of said note secured by said deed of trust, and by reason of said default, the trustee under the deed of trust, caused said property to be sold and respondent became the purchaser and on December 31, 1927, received a deed.

No claim is made by any of the appellants that any materials were furnished for said building prior to the date of recordation of said deed of trust. In fact, appellants stated that the lien of Steller Bros. & Skoog attached to the property March 1, 1927, and that Shipley and Locke's lien attached April 7, 1927.

Prior to the completion of said building but after $2,500 had been advanced under the first mortgage, work on the building was abandoned. The Cavaglieri Mortgage Company thereupon exercised their option under the loan agreement and completed the building, using for that purpose the $1,000 then unexpended in their hands.

The only point raised by this appeal is that the last $1,000 advanced by the Cavaglieri Mortgage Company, being optional and not being required under their loan agreement, the liens of appellants, as their attorney expresses it, "cut in ahead" of the $1,000 portion of the first mortgage.

There is no merit in this contention. As above stated, it is nowhere contended that the mechanics' liens in favor of appellants *were prior to the deed of trust under which respondent acquired title.* Appellants seem to be of the opinion that inasmuch as the first mortgagee advanced $1,000 on the first mortgage loan, when it was not legally obligated to do so, the lien claimants are, in effect, to be subrogated to the rights of the first mortgage to the extent of $1,000. They overlook the fact that the action brought by respondent in this case is an action to quiet title as against their claim of lien, and does not affect the Cavaglieri mortgage in any respect. Under the facts, there was no question but that the deed of trust was a lien prior to the lien of the mechanics and that the sale thereunder wiped out all claims that appellants may have had against said property. The court, under these facts, properly determined that appellants had no lien against the real property.

Before appellants could be heard to complain about voluntary payment having been made by the first mortgagee, it was necessary for them to either have paid the deed of trust or purchased the property at the trustee's sale had under the deed of trust; having done neither, they are in no position to question the first mortgage and have absolutely no standing in this case.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.