[Civ. No. 8221. First Appellate District, Division Two.—March 15, 1932.]

OWENS–PARKS LUMBER COMPANY, Respondent, v. ROBERT A. McCARTY et al., Defendants; FIRST NATIONAL BANK OF CULVER CITY et al., Appellants.

Freston & Files, Sidney Wetzer and Ralph E. Lewis for Appellants.

Overton, Lyman & Plumb and W. R. James for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to foreclose a mechanic's lien. While the action was pending, the real property sought to be charged with the lien was sold under a prior trust deed. A supplemental complaint was thereupon filed, seeking to impress a lien upon the surplus from said sale remaining in the hands of defendant Bank of America of California. A personal judgment was rendered against the owners of the real property in the sum of $2,092.33. Judgment was also rendered against Bank of America in the sum of $1630.50, the surplus from said sale. This appeal is prosecuted from the judgment by Bank of America and First National Bank of Culver City.

Robert A. McCarty and Grace M. McCarty, defendants herein, on March 30, 1927, executed to the City Mortgage Company, a corporation, also a defendant herein, their promissory note, in writing, in the principal sum of $15,000, secured by a deed of trust covering real property owned by them at that time, which deed of trust was recorded on April 18, 1927.

Contemporaneously with the execution of this note and deed of trust, Robert A. McCarty and Grace M. McCarty executed another promissory note in writing, in the principal sum of $6,700, to plaintiff, Owens-Parks Lumber Company, also secured by deed of trust, covering the same property, which deed of trust was also recorded on the eighteenth day of April, 1927, and subsequent to the deed of trust securing the note for $15,000.

On April 24, 1927, Owens-Parks Lumber Company commenced delivery of building materials. These building materials were used by Robert A. McCarty upon his prem-

ises, which were deeded by him and his wife as security for the payment of the aforesaid two notes, prior to the delivery of the materials from the Owens-Parks Lumber Company. It was stipulated in open court that the heretofore described trust deeds were both executed and recorded prior to the construction of the building by McCarty and prior to the delivery of the materials by the Owens-Parks Lumber Company.

When Robert A. McCarty executed the promissory note in the amount of $6,700, and the second trust deed securing it, he designated the Owens-Parks Lumber Company as payee in this note and as the beneficiary under this deed of trust. This he did at the request of the City Mortgage Company, who advanced the consideration for this note. As a consequence thereof, the note was payable to Owens-Parks Lumber Company as a fictitious payee. The consideration for this note having been provided by the City Mortgage Company, the real party in interest, the note was accordingly delivered to it and not to the Owens-Parks Lumber Company; the latter being merely a fictitious payee without any interest in the note and at no time asserting any interest therein.

Two days after the City Mortgage Company and Robert A. McCarty had completed this transaction, Owens-Parks Lumber Company received actual knowledge of the execution of this note and of the recordation of the trust deed. Nevertheless, it proceeded to furnish material for the improvement of the real property covered by the aforesaid deeds of trust.

On June 28, 1927, Owens-Parks Lumber Company indorsed this note, wherein it was named as fictitious payee, to City Mortgage Company "without recourse". The City Mortgage Company later indorsed this note to defendant, First National Bank of Culver City, as security for an indebtedness existing on the part of City Mortgage Company to First National Bank of Culver City in excess of $100,000.

Prior to October 11, 1927, Robert A. McCarty directed City Mortgage Company to pay Owens-Parks Lumber Company the sum of $1,000 for lumber and building materials supplied by Owens-Parks Lumber Company to Robert A. McCarty. This sum of $1,000 was paid by City Mortgage

Company to the plaintiff and charged to Robert A. McCarthy as part of the consideration for his $6,700 note. Upon receipt of this sum of $1,000 the Owens-Parks Lumber Company delivered to City Mortgage Company the following release:

"12–10–27.

"Received payment of above order in full and we hereby release the premises described above from our lien privilege in so far as the City Mtg. Co. is concerned.

"OWENS-PARKS LMBR. CO.
"BY J. T. WATSON.

"12/10/27."

On the eighth day of November, 1927, the Owens-Parks Lumber Company filed its claim for lien in the usual form for materials used in the construction of a building upon the property covered by the two deeds of trust.

On the nineteenth day of January, 1928, the plaintiff filed its complaint to foreclose a mechanic's lien, with the usual allegations respecting foreclosure pursuant to statute.

On the ninth day of July, 1928, the Bank of America of California, as trustee and pursuant to instructions, foreclosed the deed of trust securing the note of Robert A. McCarty to the City Mortgage Company, in the principal sum of $15,000, and sold the property for the sum of $16,419.50 to a purchaser who is a stranger to this action. After the satisfaction of the obligation secured, and after paying expenses of foreclosure, there remained a balance of $1630.50, which respondent now seeks to recover.

The court found that the promissory note and trust deed were taken by appellant First National Bank in good faith from City Mortgage Company, that that debt from the Mortgage Company to said bank still exceeds the sum of $7,000.

The trial court also found that "each claim an interest in or to said property and that any claim or claims. or interest or interests of all or any of said defendants are subject and subsequent to the claim of lien of the plaintiff". Appellants contend that this finding is not supported by the evidence. The question to be determined is the matter of priority between the lien of the deed of trust for $6,700 and the material lien of respondents. Upon the face of the record it must be conceded that the trust deed is apparently

a prior lien. The court found that the trust deed was recorded April 18, 1927, and that the delivery of materials (described in the notice of lien) was commenced on April 24, 1927. As a claim of lien for materials furnished relates back to the time when the claimant began to furnish them (17 C. J. 150), the burden was cast upon respondents to show in some manner that the trust deed did not constitute a lien when the first delivery of materials was made.

It appears, and the court found, that the trust deed and note were executed in favor of appellant without its consent or knowledge, and that it was executed without any consideration flowing to it. The court finds, however, that between the dates of April 30, 1927, and December 10, 1927, defendant City Mortgage Company made certain advances under the trust deed totaling about $5,000, and that the first of these advances was made April 30, 1927, and that this "was the first consideration paid or given for the execution and/or delivery of either said promissory note of $6,700.00 or said trust deed securing the same". The note in question is in the usual form. The trust deed recites that it is given as security for the payment of the note, and contains the customary recitals. No mention is made therein of future advances.

Under these facts respondent contends that the lien of the trust deed did not attach *until the first advance was made thereunder,* which was some time after it had commenced delivering materials. This is the basis of the asserted priority of its mechanic's lien over the lien of the trust deed owned by appellants National Bank.

In support of their position respondents cite the case of *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027, 1030], where it is held that "Where, however, the mortgagee is not obligated to pay the full amount of the sum named or to make all the advances mentioned in the mortgage, but it is optional with him to do so or not, and he makes advances or payments after having notice that a lien has attached in favor of a third party, his lien for payments or advances made after such notice will be postponed to that of the junior encumbrance, and each of the advances will be deemed the equivalent of a new mortgage." The argument of respondent is based upon a false premise. The trust deed in the instant case did not provide for

optional advances, nor did the trial court so find. The rule applicable to the facts. in the instant case is announced in the case of *Fickling* v. *Jackman,* 203 Cal. 657 [265 Pac. 810, 812], as follows: "The decisions have clearly settled that where the consideration for a mortgage or deed of trust has not passed until after work commenced or materials furnished, although the mortgage or deed of trust has been recorded prior to the commencement of work or the furnishing of materials, the lien of the mortgage or deed of trust is prior to the mechanics' liens where the making of advances is obligatory upon the part of the mortgagee or the beneficiary." The case of *Tapia* v. *Demartini,* 77 Cal. 383 [11 Am. St. Rep. 288, 19 Pac. 641, 643], is almost identical in its factual structure with the instant case. It was there held that "The mortgage, as against subsequent encumbrancers, becomes a lien for the whole sum advanced from the time of its execution, and not for each separate amount advanced from the time of such advancement, although the right to enforce the collection thereof can only arise upon each advancement being made . . . The mortgage under consideration is of the ordinary form, and does not disclose upon its face that it is given in part for future advancements. While it is better and more consistent with open and fair dealing that the mortgage should express its object, this is held not to be necessary to its validity if the amount of liability to be incurred under it is expressly limited."

The court did not find, nor is there any evidence to support a finding, to the effect that advances under the trust deed were, by agreement, made optional. The note and trust deed themselves give no indication that the advances were to be made optional.

The learned trial judge indicated at the trial that the trust deed was tainted with fraud. He referred to it "as an absolutely fraudulent transaction" and observed that it was a "mere nullity". He does not so find or adjudge, nor is any such contention made by respondent upon this appeal. The latter limits the question before this court in the following language: "The question here is not whether the note and deed of trust are valid obligations of the makers, *but purely a question of priority of liens.*"

In conclusion, we might point out that the predicament in which appellant Lumber Company now finds itself is due to its own neglect. Before delivering the materials in question it ordered a search of the title from a title company. Instead of waiting for this report, it commenced delivery, and two days thereafter the report was made, showing the existence of this trust deed upon the public records. Notwithstanding, they completed deliveries throughout several weeks.

■ Furthermore, about two months after the execution of the note respondent indorsed the same, "without recourse". By so doing it warranted that the instrument was genuine and in all respects what it purported to be, and that it had no knowledge of any fact which would impair the validity of the instrument, or render it valueless. (Civ. Code, sec. 3146.) ■ And then we find respondent executing to City Mortgage Company, when it received a payment of $1,000 from that company, a receipt stating that "we hereby release the premises described above from our lien privilege in so far as the City Mtg. Co. is concerned". While the court found that this release "did not release the premises herein concerned from any and all claims which it (respondent) might have against said premises", the basis for such a finding appears to be the fact that when such release was executed the Mortgage Company had transferred the note to appellant National Bank. There is no question but what appellant intended to release its lien at that time, and this simply accentuates the lack of equity in its position here.

We conclude that the lien of the trust deed is prior to that of the lien of respondent, and that the finding to the effect that the claim of appellants is subject and subsequent to the lien of respondents has no evidentiary support.

Judgment reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 14, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1932.