[Civ. No. 764. Fourth Appellate District.—July 21, 1932.]

HAYWARD LUMBER & INVESTMENT COMPANY (a Corporation), Appellant, v. SAM NASLUND et al., Respondents.

LeRoy B. Lorenz for Appellant.

Clyde C. Downing and Harvey & Heard for Respondents.

THOMSON, J., pro tem.—This is an appeal by the plaintiff from the judgment of the trial court, sitting without a jury, in a suit to foreclose a materialman's lien on certain real property.

The principal question presented by this appeal is the matter of priority between a certain materialman's lien and a certain deed of trust.

In the complaint, which is in the ordinary form for the foreclosure of a mechanic's lien, defendant Sam Naslund is

sued as the owner of the premises and the purchaser of the building materials furnished by appellant. The trial court found, in substance, that, at all times involved in the action, defendant Stapp was the owner of the real property in controversy; that said property stood of record in the name of the defendant Naslund, but that Naslund had no right, title or interest in the premises, except a possessory interest, but held the record title for the sole benefit of Stapp; that Naslund commenced the erection of a building on said premises on July 7, 1927, on which day Naslund made a contract with appellant under which appellant, on July 7th, began the delivery of materials to said premises for said building, and continued to deliver such materials for said building until September 24, 1927; that, on November 26, 1927, appellant filed for record in the office of the county recorder of Kern County its claim of lien for said building materials. The trial court further found that, on June 21, 1927, Naslund executed and delivered to Stapp his promissory note, negotiable in form, for $2,500, payable three years after date, and at the same time and as part of the same transaction Naslund executed and delivered to Stapp a deed of trust of said premises, securing the payment of said note; that in said trust deed defendant Security Trust Company was named as trustee and Stapp was named as beneficiary; that the trust deed was recorded in said county recorder's office on July 6, 1927, one day before plaintiff began to furnish said building materials. The trial court further found that, on or about November 26, 1927, for value received, the promissory note was indorsed by Stapp to respondent Hasenjaeger, and at the same time the trust deed was assigned and transferred to Hasenjaeger; that thereafter Hasenjaeger indorsed the note and assigned and transferred the trust deed to defendant Marthasville Bank, and thereafter, for value received, said bank reindorsed the note and reassigned the trust deed to Hasenjaeger, who has been ever since the owner and holder of the note and trust deed and all rights of the beneficiary thereunder. The trial court further found that the execution of said promissory note and said trust deed by Naslund to Stapp was without any consideration, but that neither Hasenjaeger nor the Marthasville Bank had any knowledge or information or belief that the execution of the note and

trust deed was without consideration, and each of said last-named defendants became the holder of the note before maturity, and took the same in good faith and for value, and neither of them had any notice of any infirmity in said note or of any defect in the title thereto. The trial court adjudged that the deed of trust was prior to appellant's materialman's lien.

Appellant's lien attached to the premises as of July 7, 1927, that being the date on which appellant began to furnish materials for the building. (Code Civ. Proc., sec. 1186; *McClain* v. *Hutton,* 131 Cal. 132, 144 [61 Pac. 273, 63 Pac. 182, 622]; *Powers* v. *Soule-Martin Lumber Co.,* 209 Cal. 557, 560 [289 Pac. 809].)

Appellant contends that the materialman's lien is prior to the trust deed for the reason that, although the trust deed was recorded the day before the accrual of appellant's lien, still, as the execution of the note and trust deed was without consideration, it follows that the trust deed did not constitute an encumbrance within the meaning of section 1186 of the Code of Civil Procedure; and that, if the deed of trust ever did acquire a legal status, it must have been when the note and trust deed first changed hands for a valuable consideration, which was after appellant's lien accrued.

In this connection appellant cites a number of authorities holding, in effect, that, where a deed of trust which is recorded prior to a mechanic's lien, does not require the beneficiary to advance the entire amount for which it is given as security, but gives the beneficiary an option as to whether or not he will advance such sum, advances made by such beneficiary, after notice of the lien claimant's rights, are voluntary payments, and the mechanic's lien is prior to the trust deed as to those payments. (See *Owens-Parks Lumber Co.* v. *McCarty,* 121 Cal. App. 623 [9 Pac. (2d) 310]; *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 191 [191 Pac. 1027]; *Yost-Linn Lumber Co.* v. *Williams,* 121 Cal. App. 571 [9 Pac. (2d) 324].) From this appellant argues that, in the instant case, there being no payment of consideration at the time of the execution of the note and trust deed, the principle involved is similar to a case in which the consideration is to be advanced in the future at the option of the beneficiary, and, therefore, the materialman's lien is prior

to the trust deed because it accrued before any consideration was advanced or paid for the note and trust deed. It is also well settled that, where the future advances are obligatory on the part of the beneficiary, the trust deed is prior to the mechanic's lien. (*Fickling* v. *Jackman*, 203 Cal. 657, 662 [265 Pac. 810]; *Valley Lumber Co.* v. *Wright*, 2 Cal. App. 288, 291 [84 Pac. 58].) In the cases in which the mechanics' liens are held to be prior to the mortgage or trust deed, the holder of the note and security had notice or knowledge, either by the terms of the instrument itself, or otherwise, as to whether the advances which were the consideration for the note and mortgage or trust deed were optional or obligatory; and, consequently, such holder had notice or knowledge as to whether or not the lien of the mortgage or trust deed would be postponed. Appellant's argument overlooks the very important fact that respondent Hasenjaeger is an innocent purchaser for value. He had no notice of any want of consideration or other defects in the note or trust deed. Neither the note nor the trust deed involved in this case gives any indication that the consideration was to be optional. Even if it were optional, it is not necessary to state that fact in the instrument when the amount of liability to be incurred in it is expressly limited, as in the present case. (*Owens-Parks Lumber Co.* v. *McCarty, supra.*) Each of the instruments provided on its face for an unconditional payment of a certain amount, at one specified time.

So far as the promissory note is concerned, considered apart from the trust deed, there is no doubt that Hasenjaeger purchased it free and clear of all equities and defenses against it. (Civ. Code, secs. 3133 and 3138.) This is conceded by appellant in its opening brief, which states, "Appellant does not question the liability of any of the parties to the note." Prior to the 1923 amendment to section 3265 of the Civil Code, if a note was secured by a mortgage, the note, although negotiable in form, was not negotiable in law, if the purchaser took it with knowledge of the mortgage. But since said amendment a promissory note, otherwise negotiable in form, is not rendered non-negotiable by reason of the fact that its payment is secured by a mortgage or trust deed, nor is its negotiability affected or abridged by any conditions contained in the mortgage

or trust deed securing the same. (17 Cal. Jur., pp. 887, 888; 19 Cal. Jur., pp. 945, 946; *Witty* v. *Clinch*, 207 Cal. 779, 785 [279 Pac. 797].)

It becomes important, therefore, to consider in what way, if at all, this amendment affects a mortgage or trust deed given as security for the payment of a negotiable instrument. The lien of a mortgage or trust deed is a mere incident of the debt or obligation which it is given to secure; or, as expressed in section 2909 of the Civil Code, "A lien is to be deemed accessory to the act for the performance of which it is a security, whether any person is bound for such performance or not, . . . " In this connection appellant argues that "there cannot be a mortgage if there is no debt or other obligation to be secured"; and that the absence of consideration for the note and trust deed in controversy was an absolute defense against Stapp, the beneficiary and holder of the note and trust deed, at the time appellant's materialman's lien accrued, because at that time the trust deed was "only a piece of paper; . . . it did not secure a debt because there was no debt between the parties to the note, actually or in contemplation". Such a contention has merit, no doubt, when applied to the parties to the original instruments and those holding under them with notice. It is without merit, however, when extended to *bona fide* purchasers for value, before maturity, without notice of any defects. As stated in section 3109 of the Civil Code, "Absence or failure of consideration is matter of defense as against any person not a holder in due course; . . . " Although, in the instant case, the note while in the hands of the payee was subject to impeachment for lack of consideration, still, even from the time of its execution, this instrument was not "only a piece of paper", as contended by appellant, but it had a potential validity, which, by reason of the statute, became a real, enforceable instrument immediately upon being negotiated to an innocent purchaser for value, before maturity. Such transfer purged the instrument of any imperfections or defenses available to others than a holder in due course. (Jones on Mortgages, 7th ed., vol. 1, secs. 525, 612, 616; vol. 2, sec. 827a, p. 324.)

The materialman's lien is based upon the title of the owner and the lienholder "stands in the shoes" of the

owner, so far as an innocent purchaser is concerned. If the quality of negotiability which is possessed by the note is imparted to the trust deed which secures its payment, it follows that the holder of a subsequent materialman's lien cannot impeach the trust deed by reason of the absence of consideration for the execution of the note and trust deed, when such trust deed is held by an innocent purchaser. We are of the opinion that, since the amendment of 1923 to section 3265 of the Civil Code, the negotiable character of such a promissory note does impress a similar quality or characteristic upon the mortgage or trust deed which secures its payment. As expressed in 19 R. C. L., section 127, page 356, "While a mortgage does not of itself possess the quality of negotiability, yet, when given to secure a negotiable obligation, it will, by the weight of authority, so far partake of the character thereof that whenever the obligation is so transferred as to free it from all equities existing in favor of the maker of the note, prior indorsers, or third persons, the mortgage will also be freed therefrom". The same principle is expounded in 2 Jones on Mortgages, seventh edition, page 331, as follows: "A mortgage note, if negotiable in form, is of course assignable by indorsement, and the assignee takes the legal title to it. But the debt being the principal thing imparts its character to the mortgage. . . . When, therefore, the debt secured is in the form of a negotiable note, a legal transfer of this carries with it the mortgage security; and inasmuch as a negotiable promissory note by the commercial law, when assigned for value before maturity, passes to the assignee free of all equitable defenses to which it was subject in the hands of the payee, it does not lose this character which it has under the commercial law when it is secured by a mortgage. The mortgage rather is regarded as following the note, and as taking the same character; and it is the generally received doctrine that the assignee of a mortgage securing a negotiable note, taking it in good faith, before maturity, takes it free from any equities existing between the original parties." (See, also, 41 Cor. Jur., sec. 700, p. 683, and sec. 712, p. 693; *American Sav. Bank & Trust Co.* v. *Helgesen*, 64 Wash. 54 [Ann. Cas. 1913A, 390, 116 Pac. 837].) The foregoing is the doctrine which is followed in most of the jurisdictions of the United States. Contrary to this general doctrine,

however, it is held in a few states that, although the mortgage note is negotiable, the mortgage itself is only assignable in equity, and therefore, the assignee, having to resort to equity to enforce his rights, is compelled to do equity toward the mortgagor, and allow him all the rights of defense he had against the mortgagee. (2 Jones on Mortgages, 7th ed., sec. 838, p. 342.) No California cases which have passed upon this question since said amendment of 1923 have been called to our attention, and we assume that the effect of this amendment on mortgages and trust deeds has not been determined by a court of last resort in this state. We are of the opinion that, since said amendment of 1923 to section 3265 of the Civil Code, the majority doctrine should be adopted and followed in this jurisdiction. The contrary doctrine would greatly curtail the use of negotiable instruments, and it would unduly restrict the purpose of said amendment.

In the case at bar, even under the principles of equity applicable to non-negotiable instruments, appellant's lien should be subsequent to the trust deed. The evidence shows that the respondent Hasenjaeger took every reasonable precaution to protect his rights before purchasing the note and trust deed. He caused a search of title to be made by a title company, he ascertained when appellant began the delivery of the materials, and he learned that the trust deed had been recorded prior to the time the materialman's lien accrued. There was nothing on the face of the promissory note or the trust deed to impeach their validity, or which disclosed any infirmities or defects of title, or which would ordinarily arouse the suspicion of a prudent man that the transaction was irregular or fraudulent in any respect. Since the said amendment to said section 3265, he was not required to investigate the validity of the promissory note, or to inquire as to the consideration or the circumstances surrounding its execution, as he was taking it in due course. (Civ. Code, sec. 3138; *Witty* v. *Clinch, supra.*)

Contrast Hasenjaeger's precaution with appellant's conduct. The trust deed was on record before it began to furnish materials, and a trust deed which is duly recorded has precedence over any materialman's lien for materials the furnishing of which was subsequently commenced; the

record of the trust deed being constructive notice to persons who thereafter furnish such materials (Code Civ. Proc., sec. 1186; 18 Cal. Jur., p. 125; *Middleton* v. *Arastraville Min. Co.*, 146 Cal. 219, 225 [79 Pac. 889]; *Valley Lumber Co.* v. *Wright, supra*). If appellant had taken ordinary precautions before commencing the delivery of the materials, it would have discovered that the trust deed was recorded, and it could then have taken such steps to protect its interest as might seem advisable. Had appellant discovered the trust deed on record, it could have refused to furnish the materials; or if appellant had discovered the lack of consideration for the note, it, no doubt, could have obtained an order of court restraining the assignment of the note and trust deed on the ground that his materialman's lien was impaired by the fraudulent trust deed, and that appellant was exposed to the chance that the note and trust deed might pass into the hands of a *bona fide* assignee for value. (1 Jones on Mortgages, 7th ed., sec. 628, pp. 1034, 1035.) It was the duty of appellant to take such precautions as a reasonably prudent man would have done under similar circumstances, and appellant was negligent in failing to ascertain that the trust deed was on record. (Jones on Liens, 3d ed., sec. 1545, p. 781; *Owens-Parks Lumber Co.* v. *McCarty, supra*.) It is also a legal maxim that, when one of two innocent persons must suffer by the act of a third, he, by whose negligence it happened, must be the sufferer. (Civ. Code, sec. 3543.)

It follows, therefore, that the trial court did not err in its conclusion of law and judgment that the trust deed held by Hasenjaeger is prior to appellant's materialman's lien.

Appellant next contends that the trust deed was not admissible in evidence under section 1982 of the Code of Civil Procedure, for the reason that a correction was made therein, after its execution, consisting of an erasure of "four (4)" and the substitution therefor of "three (3)", after the word "block" in the description of the property. The evidence shows that a mistake was made in the description; that it was intended by the parties to execute a trust deed on lot three; that, after the instrument had been recorded on June 22d, the mistake was discovered and corrected and the trust deed re-recorded on July 6th, before

appellant began the delivery of any materials. Appellant claims that the evidence does not show that the trustor consented to the alteration. The evidence does show, however, that it was intended by the trustor and the beneficiary named in the instrument to have the trust deed cover lot three, instead of lot four; that the trust deed was a "dummy" transaction as between Naslund, the trustor, and Stapp, the beneficiary, the trustor claiming no interest in the trust deed or the property covered thereby; that Naslund merely held the record title for the benefit of Stapp; and that Stapp consented to the correction. Under the circumstances of this case, as between appellant and Hasenjaeger, the instrument was admissible in evidence.

■ Appellant advances the further contention that the trial court's finding to the effect that the note and trust deed were delivered before appellant's lien accrued, is not supported by the evidence. But the witness Naslund testified, in substance, that he executed the trust deed in controversy to Stapp; that, at the time, he (Naslund) understood that he was executing a trust deed of the property involved in this action to Stapp; that he signed the note in controversy and thereupon he "handed it back to Mr. Stapp". Again, in answer to a question by the court, he testified as follows: "The court: . . . and then you made this note and trust deed and gave it back to him (Stapp) . . . ?" To which question the witness answered "Yes". In addition to this, Stapp testified that he got the trust deed from Naslund. Such evidence warranted the trial court in making the finding complained of by appellant.

■ Appellant further asserts that the findings relating to transfers of the note and trust deed are unsupported by evidence. There is a considerable amount of evidence in the record with respect to these transfers. We deem it unnecessary to discuss it, except to say that the apparent contradictions must be resolved in favor of the judgment, and that there is ample evidence to support the findings criticised by appellant. A reviewing court is not justified in disturbing a judgment unless it appears that upon no hypothesis is there sufficient substantial evidence to support it. (*Packer* v. *Wagner*, 109 Cal. App. 26, 32 [292 Pac. 523]; *Waxman* v. *Jennings*, 72 Cal. App. 671, 674 [238

Pac. 98] ; *Taylor* v. *United States Fidelity & Guaranty Co.,* 86 Cal. App. 382, 386 [260 Pac. 898].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 11, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1932.