[Civ. No. 8947. First Appellate District, Division One.—May 24, 1934.]

HAYWARD LUMBER AND INVESTMENT COMPANY (a Corporation), Appellant, v. RALPH E. CORBETT, Defendant; LOS ANGELES MUTUAL BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent.

LeRoy B. Lorenz for Appellant.

George E. Cryer for Respondent.

JOHNSTON (THOMAS D.), J., *pro tem.*—The principal question presented by this appeal is one of priority of a mechanic's lien over a recorded deed of trust. The defendant Corbett, on January 11, 1929, applied to respondent for a construction loan of $2,500, with which to build a dwelling. He signed a note for that amount and a deed of trust. The deed of trust was recorded on January 18, 1929, in the official records of the county of Los Angeles, the county in which the premises were located. These instruments had been left with the escrow department of the respondent, and contemporaneously with the escrow, one Fuller, the owner of the lot on which the deed of trust was executed, deposited a grant deed to the premises with authority to record it with the deed of trust from Corbett to Fuller to secure payment of a note for the purchase price.

Respondent on the fifteenth day of January, 1929, delivered to the title insurance company the grant deed from Fuller to Corbett, the trust deed from Corbett to respondent, and the trust deed from Corbett to Fuller, with instructions to record when guarantee of title could be issued by the title insurance company. Subsequently, by telephone, respondent countermanded this order, and instructed the title insurance company to record the papers at once, regardless of the condition of the title. The note in question required monthly payments of $29.75, payable on the first day of February, 1929, and the first day of each month succeeding, for a period of months. On January 11, 1929, respondent set over on its books to the credit of Corbett for his building account $2,500, to be paid out as the building proceeded. On or about February 8, 1929, Corbett started the construction upon the lot in question and on that day appellant started to deliver material upon the lot for that purpose. The first money that was paid on the building of the house in question was paid on February 13, 1929. However, it appears that prior to February 8, 1929, the date on which the mechanic's lien annexed, certain expenses of the title insurance company and investigations therefor had been incurred and charged to the account in question.

The question first presented is whether the mechanic's lien has priority over the recorded deed of trust by virtue of the contention of appellant that the lien of the deed of trust must annex as of the date that the first money was actually expended from the account for the construction of the building. It seems that the law is well settled in this state that when a loan company opens an account for a building loan, and a deed of trust is executed to secure a note covering the amount of money advanced, the lien annexes as of the time that the deed of trust is recorded, irrespective of when the money in the account actually passes. (*Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *Valley Lumber Co.* v. *Wright*, 2 Cal. App. 288 [84 Pac. 58]; *Savings Bank of Southern California* v. *Asbury*, 117 Cal. 96 [48 Pac. 1081].)

The Smith case, *supra*, pertinently states at page 500 of the opinion: "In our opinion, the securities company, by granting Smith's application for a building loan in the sum of $20,000, accepting his promissory note in that amount

secured by deed of trust, and opening in his name a building loan account, became obligated to advance or pay to Smith, or on his behalf, the full sum of $20,000. . . . In other words, the amount payable by the securities company under the terms of the loan agreement was not an undetermined or optional amount but was at all times capable of definite ascertainment. The authorities, both in this state and elsewhere, are legion to the effect that where a mortgage or deed of trust has been recorded prior to the commencement of work or the furnishing of materials, but the consideration therefor has not passed until after work has commenced or materials have been furnished, the lien of the mortgage or deed of trust is prior and superior to the mechanics' lien claims where the making of the advances *is obligatory* on the part of the mortgagee or the beneficiary. . . . In other words, the mortgage or deed of trust, as against subsequent encumbrances or mechanics' lien claimants, becomes a lien for the whole sum advanced from the time of its execution and recordation, and not for each separate amount advanced from the time of such advancement, although the right to enforce the collection thereof can only arise upon each advancement being made.'' (Italics ours.)

The case of *Hayward Lumber & Investment Co.* v. *Naslund,* 125 Cal. App. 34 [13 Pac. (2d) 775], has settled the question that the lien does not annex as of the time that the consideration passes, but as of the date when the instrument is recorded, if an obligatory consideration can be found to have passed at any time during its life. It was stated in that case at page 38: ''Neither the note nor the trust deed involved in this case gives any indication that the consideration was to be optional. Even if it were optional, it is not necessary to state that fact in the instrument when the amount of liability to be incurred in it is expressly limited, as in the present case. . . . Each of the instruments' provided on its face for an unconditional payment of a certain amount, at one specified time.'' (*Owens-Parks Lumber Co.* v. *McCarty,* 121 Cal. App. 623 [9 Pac. (2d) 310].)

We appreciate that the Hayward case has the added factor that the holder of the note and deed of trust was a *bona fide* purchaser for value without notice, but that can cast no doubt upon the interpretation of the principles of law for which this case is cited here.

It is difficult to appreciate how courts might conclude to the contrary in the presence of the authorities in this jurisdiction. A conclusion like that advocated by the appellant would place mechanic's lienors in the position that they would never be able to know from the condition of the record whether their lien was prior or subsequent to the deed of trust.

A contrary situation arises, however, where the advances or payments under the agreement are optional with the beneficiary and the lien of the deed of trust is in such case postponed to the date or dates respectively as of which the advances actually are made. (*Fickling* v. *Jackman,* 203 Cal. 657 [265 Pac. 810]; *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185 [191 Pac. 1027].) It cannot be contended from the facts in this case that there was an intention under the terms of the deed of trust to make the advances optional with the beneficiary or to annex the lien when advances were made.

It is also difficult to conclude otherwise than that the defendant Corbett executed the trust deed for $2,500 to respondent in consideration of a loan then and there agreed to be made. The money was transferred to the account for that very purpose and became a present, subsisting obligation, enforceable by the defendant Corbett against the respondent from the inception. (*Smith* v. *Anglo-California Trust Co., supra.*)

The deed of trust recites that the money was paid over and that all recitals in the instrument are conclusive as between the parties to the instrument.

As a second point appellant raises the question of delivery. It is elementary that a delivery of a deed of trust is necessary to give it effect. There is nowhere in the evidence an indication that the deed of trust was not given to respondent to secure the advance incident to the loan consummated on the eleventh day of January, 1929. The instrument was in fact presented to the respondent by the defendant Corbett at that time and respondent notified the title company to record it. The court below was right, therefore, in concluding that a valid delivery had been made, and that the lien of the deed of trust annexed prior to that of the mechanic's lien.

■ Thirdly, appellant raises the question of the right of respondent to proceed to complete the building, after Corbett had absconded. In view of the obligation requiring the money to be set over for the particular purpose of constructing the building only, and by reason of the obligation on the part of Corbett to *expeditiously proceed to completion,* it may not be said that the respondent erroneously proceeded *in the place of Corbett to complete the building, using only such money as was set over for that purpose by the respondent to Corbett's account.* Corbett would have been powerless to have used the money in question for any other purpose but the construction of the building. It may be that Corbett might question the respondent's right to proceed in his stead, but it does not follow from this that appellant also may raise this question.

■ Respondent urges other grounds of breach to justify the giving of the notice of breach which was recorded on April 23d; but the notice of default and election to sell is placed solely on the one ground that "no installments of principal and interest due on and after February 1, 1929, have been made . . . "; consequently respondent is powerless to insist upon other grounds for default at this time to support its notice. The sufficiency of the title secured by respondent under the sale must be determined solely upon the issue of default in the payment of the amounts required under the deed of trust and note.

■ Fourthly, appellant contends, and we believe rightly, that the decree quieting title is not properly before this court because no breach is made out under the terms of the trust. It was stipulated that the three installments under the note were due February 1, March 1 and April 1, 1929. The notice of default is dated April 18, 1929, and was recorded April 23d of that year. Both the note and deed of trust required that default shall continue for "three months" before the whole amount of the obligation shall become due and payable. ■ If the issues of this case were limited merely to the question of priority of liens, the question of the validity of the sale would not be before this court. However, the cross-complaint has raised the issue of quieting the title in the respondent. The finding of the court and the judgment are in the nature of a decree quieting the title of the respondent to the premises. Therefore the

validity of the sale is before the court, and it would appear that the trial court was in error in concluding and decreeing the title quieted in the respondent.

It has been held repeatedly that a *month,* when used to designate the passage of time under a contract or statute, means a *calendar month.* (*Sprague* v. *Norway,* 31 Cal. 173; *Savings & Loan Society* v. *Thompson,* 32 Cal. 347; *Fairchild-Gilmore-Wilton Co.* v. *Southern Refining Co.,* 158 Cal. 264 [110 Pac. 951]; *Estate of McNamara,* 181 Cal. 82 [183 Pac. 552, 7 A. L. R. 313]; *Messner* v. *Superior Court,* 101 Cal. App. 172 [281 Pac. 503].) The authorities have held that when the words "two months" are used, the term by interpretation means two calendar months. (*Barbee* v. *Young,* 79 Cal. App. 119 [249 Pac. 15].)

By the requirement of the note and deed of trust, it must be shown that a default must have subsisted for three calendar months before proceedings for foreclosure might take place. Since the first breach of the obligation was on the first day of February, default could be declared only after three calendar months had passed. Notice of the breach of the obligation should have been recorded after the first day of May, therefore. In view of the fact that the notice of default was recorded on April 23d, it must follow that the filing of the notice of the breach was premature, and the trustees had no authority, under the lien of the deed of trust, to sell to respondent the premises in question. The code provides to this end that "where a trust in relation to real property is expressed in the instrument creating the estate every transfer or other act of the trustees, in contravention of the trust, is absolutely void". (Civ. Code, sec. 870; *Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452]; *Savings & Loan Society* v. *Burnett,* 106 Cal. 514 [39 Pac. 922].)

The proceeding which resulted in the sale to the respondent is therefore void; and although the trial court correctly concluded that the lien of the deed of trust was prior to that of the mechanic's lien, it erred in quieting the title to the premises in the respondent by virtue of the void sale. For the reasons stated, that portion of the judgment based on the issues raised by the complaint and the answer thereto is affirmed, and that portion of the judgment based on the issues raised by the cross-complaint and the answer thereto

is reversed with directions to the trial court to enter judgment against the cross-complainant on the cross-complaint, respondent to recover costs of appeal.

Knight, Acting P. J., and Cashin, J., concurred.