[Civ. No. 1499.   Fourth Appellate District.—January 21, 1935.]

SAN PEDRO LUMBER COMPANY (a Corporation), Appellant, v. F. B. WILSON et al., Respondents.

Harry C. Westover for Appellant.

Forgy, Reinhaus & Forgy and R. M. Crookshank for Respondents.

MARKS, J.—Defendant Albert Moog was the owner of land in Orange County.  He placed a mortgage upon it to secure a note in the sum of $10,000 to the Farmers & Merchants Savings Bank, and thereafter executed a deed of trust to secure a note in the sum of $2,800 to the First National Bank of Santa Ana.  The mortgage and deed of trust were recorded each in the order of its execution.

Thereafter Moog leased the property to F. B. Wilson who went into possession and with the knowledge and consent of Moog erected a house upon it.  Plaintiff was not paid for the materials it had furnished and filed its materialman's lien.

■ This action was commenced to foreclose the lien. The trial court held that the house was a fixture; that the materials furnished went into its construction; that the liens of the mortgage and deed of trust were prior to the materialman's lien. Personal judgment was rendered against Moog and Wilson for the amount of the claim of plaintiff and its lien was ordered foreclosed, the foreclosure to be subject to the mortgage and deed of trust.

It has long been the law in California that a prior recorded mortgage or deed of trust creates a lien superior to the subsequent lien of a materialman. (Sec. 1186, Code Civ. Proc.; *Smith* v. *Anglo-California Trust Co.*, 205 Cal. 496 [271 Pac. 898]; *Middleton* v. *Arastraville M. Co.*, 146 Cal. 219 [79 Pac. 889]; *Warren* v. *Hopkins*, 110 Cal. 506 [42 Pac. 986]; *Williams* v. *Santa Clara Min. Assn.*, 66 Cal. 193 [5 Pac. 85]; *Foellmer* v. *Midway Lime & Cement Co.*, 119 Cal. App. 192 [6 Pac. (2d) 333]; *Barrett-Hicks Co.* v. *Glas*, 14 Cal. App. 289 [111 Pac. 760]; *Valley Lumber Co.* v. *Wright*, 2 Cal. App. 288 [84 Pac. 58].)

■ Plaintiff complains of but one portion of the judgment. It urges that upon the house alone and not the land its lien should be held to be superior to the liens of the mortgage and of the deed of trust. It relies solely upon the case of *English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 Pac. (2d) 946, 87 A. L. R. 1281], to support this contention. That case is easily distinguishable from the instant case. In it no question of the priority of the lien of a prior mortgage or deed of trust was involved. For that reason it is not controlling here.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1935.