[Civ. No. 20644. Second Dist., Div. One. July 13, 1955.]

CALIFORNIA FUNDING CORPORATION (a Corporation), Respondent, v. LONG BEACH NATIONAL BANK (a National Banking Corporation), Appellant.

Pray & Price and Eric A. Rose for Appellant.

Walker & Horn for Respondent.

DRAPEAU, J.—There is no dispute about the facts in this case.

Plaintiff corporation is in the business of financing purchases of motor vehicles, using conditional sales contracts. To secure funds for a part of its financing, plaintiff assigned conditional sales contracts to defendant bank on three occasions.

On the first occasion the bank agreed to pay plaintiff the total balance of the conditional sales contracts assigned to it, less 5 per cent to be placed in a reserve account for losses, and less 5 per cent per annum simple interest, prepaid to the bank.

On the second occasion the agreement was substantially the same, except that the bank was to receive 8 per cent pre-

paid interest, and plaintiff was to repurchase any of the contracts sixty days delinquent.

On the third occasion it was agreed, among other things: (a) that interest on the unpaid balance of the contracts assigned under the first transaction would be 7 per cent instead of 5 per cent; (b) that interest on the unpaid balance of the contracts under the second transaction would be 7 per cent instead of 8 per cent, and (c) that on this third transaction interest would be 7 per cent.

Thereafter the bank repudiated the third agreement, and demanded interest at the rate of 8 per cent, as provided in the second agreement.

Plaintiff brought this action in declaratory relief, to determine its rights.

The bank contended it was not bound by the third agreement for several reasons. The trial court found against this contention, and judgment followed for plaintiff. The bank appeals from the judgment.

In support of its appeal the bank argues: (1) That the third transaction attempts to modify an executed oral contract and a written contract by an oral contract without consideration. (2) That a debt due to the bank cannot be released by an officer thereof and such transaction is ultra vires and void. (3) That the material findings of fact are not supported by the evidence.

■ The record establishes the fact that when the third agreement was made the parties were competent; they were dealing with a lawful subject matter, and made a valid contract; and there was a meeting of the minds supported by consideration.

■ Whether or not the reduction of interest in the third transaction was ultra vires and contrary to banking laws and regulations does not necessarily make the agreement void. (*Machado* v. *Bank of Italy,* 67 Cal.App. 769 [228 P. 369].)

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied August 1, 1955, and appellant's petition for a hearing by the Supreme Court was denied September 8, 1955.